In re: Joe ATKINSON; Lucille Atkinson, Debtors.

Ralph Duarte; Michael Duarte, Appellants,

v.

Joe Atkinson; Lucille Atkinson, Appellees.

No. 99–55984.
BAP No. CC–98–01633–JBMe.

United States Court of Appeals, Ninth Circuit.

Submitted July 13, 2001 *.

Decided July 30, 2001.

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Before: HUG, GRABER, and W. FLETCHER, Circuit Judges.

MEMORANDUM **

Ralph and Michael Duarte appeal the decision of the Bankruptcy Appellate Panel ("BAP") affirming the bankruptcy court's entry of judgment as a matter of law on the Duartes' adversary complaint and holding that a California state court judgment was not excepted from discharge pursuant to 11 U.S.C. § 523(a)(2)(A). *See* Fed. R. Bankr.P. 7052(c); Fed.R.Civ.P. 52(c). We have jurisdiction pursuant to 28 U.S.C. §§ 158(d) and 1291, and we affirm.

We review the BAP's decision de novo and independently review the bankruptcy court's rulings. *Ardmor Vending Co. v. Kim (In re Kim)*, 130 F.3d 863, 865 (9th Cir.1997). We review the bankruptcy court's findings of fact for clear error, its conclusions of law de novo, and its evidentiary rulings for an abuse of discretion. *Id.*

The bankruptcy court properly determined the preclusive effect of the state court judgment under California law. *See Harmon v. Kobrin (In re Harmon)*, 250 F.3d 1240, 1245 (9th Cir.2001). Debtor Lucille Atkinson is the Duartes' sister. The state court upheld a rental agreement for a home jointly owned by the three siblings and found Lucille and her husband Joe Atkinson liable for breach of contract and unjust enrichment. The state court's finding that the rental agreement was valid preclusively established Lucille's intent to contract but did not establish fraud pursuant to § 523(a)(2)(A). *See id.* at 1246

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

(setting out elements of § 523(a)(2)(A) claim). The issue of fraud was neither actually litigated nor necessarily determined by the state court's ruling on breach of contract or unjust enrichment. *See Lectrodryer v. Seoulbank,* 77 Cal.App.4th 723, 91 Cal.Rptr.2d 881, 883 (Ct.App.2000) (setting out elements of unjust enrichment); *Walsh v. W. Valley Mission Comty. Coll. Dist.,* 66 Cal.App.4th 1532, 78 Cal.Rptr.2d 725, 733 (1998) (setting out elements of breach of contract). In addition, the state court specifically found that "there is no willful wrongdoing in this case."

The Duartes' contention that collateral estoppel barred the Atkinsons' defense that the parties to the contract never intended it to be binding is of no moment because the Atkinsons introduced no evidence of that defense at trial. The bankruptcy court entered judgment based on the paucity of the Duartes' own evidence and never reached the Atkinsons' defense. Moreover, the bankruptcy court properly prevented the Atkinsons' counsel from introducing evidence contrary to the state court judgment during cross-examination.

■ Because the portions of the joint pretrial order and state court cross-complaint upon which the Duartes sought to rely in the bankruptcy court were not factual admissions but rather legal arguments, the bankruptcy court properly determined that these statements were not judicial admissions. *See Am. Title Ins. Co. v. Lacelaw Corp.,* 861 F.2d 224, 226 (9th Cir.1988); *see also Mori Seiki USA, Inc. v. M.V. Alligator Triumph,* 990 F.2d 444, 451 n. 2 (9th Cir.1993) (concluding that statements in pleadings on non-dispositive matters were not judicial admissions that precluded district court's determination of ultimate issue). The bankruptcy court did not, therefore, abuse its discretion by excluding these statements from evidence. *See Singer v. State Farm Mut. Auto. Ins. Co.,* 116 F.3d 373, 376 (9th Cir.1997).

■ The bankruptcy court properly granted the Atkinsons' motion for judgment as a matter of law because the Duartes did not introduce evidence sufficient to meet the elements of their § 523(a)(2)(A) claim. *See In re Harmon,* 250 F.3d at 1246; *see also Johnson v. United States Postal Serv.,* 756 F.2d 1461, 1464 (9th Cir.1985) (construing former Fed.R.Civ.P. 41(b)). Specifically, the Duartes did not introduce any evidence of the Atkinsons' intent to deceive. The Duartes correctly posit that intent to deceive may be inferred from the circumstances, *see, e.g., Am. Express Travel Related Servs. Co. v. Hashemi (In re Hashemi),* 104 F.3d 1122, 1125 (9th Cir. 1996), but here there was insufficient evidence from which to draw such an inference.

AFFIRMED.