ALLEN MATKINS LECK GAMBLE
& MALLORY LLP, Plaintiff—
Appellant,

v.

Mir Kazem KASHANI, Defendant—
Appellee.

No. 00–56919.

D.C. No. CV–00–00122–NAJ.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 6, 2002.

Decided Feb. 19, 2002.

Before TROTT, THOMAS and
WARDLAW, Circuit Judges.

MEMORANDUM *

Allen, Matkins, Leck, Gamble & Mallory, LLP ("Allen Matkins") appeals the district court's order affirming the bankruptcy court's modification of an award of sanctions following a prior appeal to the Bankruptcy Appellate Panel ("BAP"). We review decisions of the BAP and the district court de novo. *Vanderpark Props.,*

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

*Inc. v. Buchbinder (In re Windmill Farms, Inc.)*, 841 F.2d 1467, 1469 (9th Cir.1988); *Harmon v. Korbrin (In re Harmon)*, 250 F.3d 1240, 1245 (9th Cir.2001). We have jurisdiction pursuant to 28 U.S.C. §§ 158(d) and 1291, and we reverse.

■ The bankruptcy court's September 6, 1996 Memorandum Decision and the BAP's February 4, 1998 decision are properly before this court for appellate review. 28 U.S.C. § 158(d) ("The courts of appeals shall have jurisdiction of appeals from all final decisions, judgments, orders, and decrees [issued by the BAP and district courts in bankruptcy cases].)"; *cf. Stanley v. Crossland, Crossland, Chambers, MacArthur & Lastreto (In re Lakeshore Village Resort, Ltd.)*, 81 F.3d 103, 107–08 (9th Cir.1996); *see also Woods v. Kenan (In re Woods)*, 173 F.3d 770, 774–76 (10th Cir.1999) (accepting jurisdiction under similar procedural posture). This conclusion is not altered by Allen Matkin's prior attempt to appeal the BAP's reversal of the bankruptcy court's original decision, because, at that time, we concluded that we lacked jurisdiction, based on the rationale of *Stanley*, 81 F.3d at 107–08.

In *Stanley*, we dismissed the appeal for lack of jurisdiction because the order vacating the bankruptcy court's order and remanding the case for further proceedings did not constitute a final decision. We reasoned that "[o]rdinarily, a district court order is final if it affirms or reverses a final bankruptcy court order. Finality is more difficult to determine where the district court reverses a final order of the bankruptcy court *and remands* the case." *Stanley*, 81 F.3d at 105 (citations omitted). Here, however, the case was remanded, but the bankruptcy court then issued a new decision; and the case was appealed again to the district court, which affirmed. Therefore, the bankruptcy court's 1996 Memorandum Decision and the BAP's 1998 decision are now properly before us.

■ Allen Matkins argues that the BAP erred when it determined that (1) the bankruptcy court's 1996 decision was clearly erroneous when it reversed the finding that Allen Matkin's failure to disclose the conflict was "inadvertent," and (2) that the bankruptcy court abused its discretion in failing to impose harsher penalties. We agree.

"[T]he BAP and the court of appeals apply the same standard of review to the underlying judgment of the bankruptcy court. Consequently, we evaluate the bankruptcy court's findings of fact under the clearly erroneous standard and review its conclusions of law de novo." *Windmill Farms*, 841 F.2d at 1469 (citation omitted). "We will not vacate findings of fact unless they are clearly erroneous. As long as findings are plausible in light of the record viewed in its entirety, a reviewing court may not reverse even if convinced it would have reached a different result." *Wardley Int'l Bank, Inc. v. Nasipit Bay Vessel*, 841 F.2d 259, 262 n. 1 (9th Cir.1988) (citation omitted) (citing *Anderson v. Bessemer City*, 470 U.S. 564, 574, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985)). Although the BAP purported to apply the clearly erroneous standard of review, it is apparent from its recurring reliance on the February 17, 1995 letter that it in fact improperly engaged in fact-finding, substituting its own determination as to inadvertence for that of the bankruptcy court. Therefore, we reverse the BAP decision.

As explained in the original bankruptcy court decision, the court scoured the record and listened to the testimony of the witnesses. It concluded that the dual representation and non-disclosure on the part of Allen Matkins was inadvertent and rejected the debtors' argument that Allen Matkins intentionally engaged in nondis-

closure of the conflict. The court, weighing the evidence and the credibility of the witnesses, concluded that the realities of a large practice may prevent a red flag being raised every time it should. The bankruptcy court further deemed the testimony of the witnesses credible and found that the debtors were not prejudiced by the simultaneous representation.

The findings of credibility and inadvertence were "plausible," supported by substantial evidence, and not clearly erroneous. The sanctions award, although perhaps lenient, was not an abuse of discretion in view of the inadvertence and lack of prejudice from the nondisclosure. *Wardley*, 841 F.2d at 262 n. 1; *Kord Enters. II v. California Bank (In re Kord Enters. II)*, 139 F.3d 684, 686 (9th Cir.1998) ("We will not disturb a bankruptcy court's award of attorneys' fees unless the bankruptcy court abused its discretion or erroneously applied the law.")

We therefore reinstate the September 6, 1996 order of the bankruptcy court, and conclude that, although both it and the district court correctly applied the law of the case doctrine, the district court's October 11, 2000 order is

REVERSED.