**In re: Peter Sui–Lun FONG, Debtor,**

**Clifford L.K. Pang; Clifford Manufacturing Company Limited, Appellants,**

v.

**Peter Sui–Lun Fong, Appellee.**

**No. 01–55974.**
**BAP No. CC–00–01265–PBMa.**

United States Court of Appeals,
Ninth Circuit.

Submitted March 7, 2002.*

Decided May 16, 2002.

Before THOMAS and RAWLINSON, Circuit Judges, and ARMSTRONG,** District Judge.

## MEMORANDUM ***

Clifford L.K. Pang ("Pang") appeals the Bankruptcy Appellate Panel's ("BAP") decision affirming the bankruptcy court's finding that the debt Peter Sui–Lun Fong ("Fong") owed to Pang was dischargeable under 11 U.S.C. § 523(a)(2)(A), and that Fong breached no fiduciary duty toward Pang within the meaning of 11 U.S.C. § 523(a)(4).

This Court reviews decisions of the BAP *de novo.* *Pioneer Liquidating Corp. v. U.S. Tr. (In re Consol. Pioneer Mortgage Entities),* 264 F.3d 803, 806 (9th Cir.2001). In appeals from the BAP's decisions, we independently review the bankruptcy court's rulings. *Ardmor Vending Co. v. Kim (In re Kim),* 130 F.3d 863, 865 (9th Cir.1997). This Court reviews the bankruptcy court's conclusions of law *de novo,* and its factual findings for clear error. *Id.* If there "are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *Rifino v. United States (In re Rifino),* 245 F.3d 1083, 1086 (9th Cir.2001). This Court reviews *de novo* the bankruptcy court's application of the legal standard in determining whether a debt is dischargeable. *Id.* at 1087. This Court reviews the bankruptcy court's finding of no fiduciary duty within the meaning of § 523(a)(4) *de novo.* *In re Kim,* 130 F.3d at 865.

### Dischargeability

Pang failed to establish, by a preponderance of the evidence, the elements of nondischargeability under § 523(a)(2)(A). *Harmon v. Kobrin (In re Harmon),* 250 F.3d 1240, 1246 (9th Cir.2001). Accordingly, the bankruptcy court did not err in determining that the debt was dischargeable.

### Fiduciary Duty

A fiduciary duty arises only if an "expressed or technical trust exists." *Banks v. Gill Distribution Centers (In re Banks),* 263 F.3d 862, 871 (9th Cir.2001). Pang failed to establish the existence of an expressed or technical trust. As a result, no fiduciary duty arose. *Id.*

Additionally, the relationship between Fong and Pang did not rise to the level of a fiduciary relationship under § 523(a)(4). *See Woodworking Enters., v. Baird (In re Baird),* 114 B.R. 198, 202 (9th Cir.BAP 1990).

AFFIRMED.

---

* The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** The Honorable Saundra Brown Armstrong, United States District Judge for the Northern District of California, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.