In re: JTS CORPORATION, Debtor,

Suzanne L. Decker, Trustee, Appellant,

v.

Aurora National Life Assurance Company; Keith L. Powell; Merrill Lyons; Michael Pastore, Appellees.

In re: JTS Corporation, Debtor,

Michael Pastore, Appellant,

v.

Suzanne L. Decker, Trustee, Appellee.

Nos. 02–15551, 02–15591.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 16, 2003.

Decided June 18, 2003.

Before: CANBY, KLEINFELD, and RAWLINSON, Circuit Judges.

### MEMORANDUM *

1. The Bankruptcy Appellate Panel ("BAP") did not err in concluding that the Debtor violated the injunction entered by the California Superior Court when the Debtor changed the named beneficiaries under the Policies.

2. Nor did the BAP err in determining that violation of the injunction was not a "claim" within the meaning of 11 U.S.C. § 101(5). Under California law, the remedy for violation of an injunction is contempt, which does not give the aggrieved party a *right* to payment. *See H.J. Heinz, Co. v. Superior Court*, 42 Cal.2d 164, 173–74, 266 P.2d 5 (1954); *see also Brewster v. Southern Pacific Transportation Co.*, 235 Cal.App.3d 701, 711, 1 Cal.Rptr.2d 89 (1991) ("[A] court has no authority to award

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

compensatory damages in a contempt action.") (citation omitted).

3. The BAP did not err in concluding that the cash reserves and death benefits under the policies were not property of the estate. *See* 11 U.S.C. § 541(d) (stating that property of the estate does not include "[p]roperty in which the debtor holds, as of the commencement of the case, only legal title and not an equitable interest[.]"); *see also Liberty Mut. Ins. Co. v. Official Unsecured Creditors' Committee Of Spaulding Composites Company (In re Spaulding Composites, Inc.)*, 207 B.R. 899, 906 (9th Cir.BAP1997) ("[W]hen a debtor corporation owns a liability policy that exclusively covers its directors and officers, we know ... that the proceeds of that ... policy are not part of the debtor's bankruptcy estate.") (citation omitted).

4. Pastore may not avail himself of offensive collateral estoppel in this action because the issue he seeks to preclude from relitigation was not decided in the state court action. *See Harmon v. Kobrin (In re Harmon)*, 250 F.3d 1240, 1245 (9th Cir. 2001). In addition, Pastore has offered no explanation for his failure to join the earlier action. *See Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322, 330–31, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979).

**AFFIRMED.**