NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: ROBERT LEO SHEPARD; et al., | No. 10-60016 |
| Debtors, | BAP No. 09-1096 |
| ROBERT LEO SHEPARD, | MEMORANDUM[*] |
| Appellant, | |
| v. | |
| GLENN CONKLIN, | |
| Appellee. | |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Randall L. Dunn, Meredith A. Jury, and
Redfield T. Baum, Sr., Bankruptcy Judges, Presiding

Submitted January 10, 2011[**]

Before:    BEEZER, TALLMAN, and CALLAHAN, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

Robert Leo Shepard, a Chapter 7 debtor, appeals pro se from the Bankruptcy Appellate Panel's ("BAP") judgment affirming the bankruptcy court's summary judgment determining that Shepard's debt to Glenn Conklin was nondischargeable under 11 U.S.C. § 523(a)(4) and (a)(6). We have jurisdiction under 28 U.S.C. § 158(d). We review de novo BAP decisions, and apply the same standard of review that the BAP applied to the bankruptcy court's ruling. *Boyajian v. New Falls Corp. (In re Boyajian)*, 564 F.3d 1088, 1090 (9th Cir. 2009). We review de novo the bankruptcy court's grant of summary judgment. *Id.* We affirm.

The bankruptcy court properly granted summary judgment based on issue preclusion because a prior, final state court decision between the parties necessarily decided that Shepard committed "defalcation while acting in a fiduciary capacity" with respect to Conklin and inflicted "willful and malicious injury" on him. *See* 11 U.S.C. §§ 523(a)(4) and (a)(6); *see also Harmon v. Kobrin (In re Harmon)*, 250 F.3d 1240, 1245 (9th Cir. 2001) (explaining that "[p]rinciples of collateral estoppel apply to proceedings seeking exceptions from discharge under 11 U.S.C. § 523(a)," and setting forth issue preclusion requirements under California law).

Shepard's remaining contentions are unpersuasive.

**AFFIRMED.**