**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: PETER THOMAS McCARTHY, | No. 11-60069 |
| Debtor, | BAP No. 10-1445 |
| PETER THOMAS McCARTHY, | MEMORANDUM[*] |
| Appellant, | |
| v. | |
| NATURE'S WING FIN DESIGN, LLC, | |
| Appellee. | |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Pappas, Markell, and Brandt, Bankruptcy Judges, Presiding

Submitted October 9, 2012[**]

Before:    RAWLINSON, MURGUIA, and WATFORD, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).  Accordingly, McCarthy's request for oral argument is denied.

Peter Thomas McCarthy appeals pro se from the Bankruptcy Appellate

Panel's ("BAP") judgment affirming the bankruptcy court's order determining that

McCarthy's debt to Nature's Wing Fin Design, LLC was nondischargeable under

11 U.S.C. § 523(a)(4).  We have jurisdiction under 28 U.S.C. § 158(d).  We review

de novo BAP decisions, and apply the same standard of review that the BAP

applied to the bankruptcy court's ruling.  *Boyajian v. New Falls Corp. (In re

Boyajian)*, 564 F.3d 1088, 1090 (9th Cir. 2009).  We review de novo the

bankruptcy court's grant of summary judgment.  *Id*.  We affirm.

The bankruptcy court properly granted summary judgment on the basis of

issue preclusion because a prior, final state court decision between the parties

necessarily decided that McCarthy committed "defalcation while acting in a

fiduciary capacity" with respect to Nature's Wing.  11 U.S.C. § 523(a)(4); *Harmon

v. Kobrin (In re Harmon)*, 250 F.3d 1240, 1245 (9th Cir. 2001) (explaining that

"[p]rinciples of collateral estoppel apply to proceedings seeking exceptions from

discharge brought under 11 U.S.C. § 523(a)," and setting forth issue preclusion

requirements under California law).

McCarthy's reliance on *Robi v. Five Platters, Inc.*, 838 F.2d 318 (9th Cir.

1988) is misplaced because the "last in time" rule discussed in the case is

inapplicable.  *See id.* at 322-23.

The BAP did not abuse its discretion by declining to take judicial notice of the facts within an order from another action involving Nature's Wing. *See Lee v. City of Los Angeles*, 250 F.3d 668, 689-90 (9th Cir. 2001) (setting forth standard of review and explaining that a court can take judicial notice of the existence of another court's opinions, but not of the truth of the facts recited therein).

McCarthy's contentions concerning alleged due process violations, lack of jurisdiction, and the relevance of the *Rooker-Feldman* doctrine to the bankruptcy court's and BAP's decisions are unpersuasive.

We do not consider allegations raised for the first time on appeal, or issues not explicitly and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

We grant McCarthy's pending motion to file a substitute reply brief, and we instruct the Clerk to file the reply brief received on July 12, 2012.

**AFFIRMED.**

11-60069