FILED

NOV 21 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In the Matter of: LODGEBUILDER, INC., <br><br> ——————————————— <br><br> BRENDA MOODY WHINERY, Creditor Trustee for Fort Defiance Housing Corporation, Inc., <br><br> Plaintiff - Appellee, <br><br> v. <br><br> U.S. TRUSTEE, <br><br> Trustee - Appellee, <br><br> WILLIAM AUBREY; BRENDA B. TODD, <br><br> Defendants - Appellants. | No. 11-15873 <br><br> D.C. No. 2:10-cv-01971-PMP-PAL <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Philip M. Pro, District Judge, Presiding

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Submitted November 13, 2012[]

Before:      CANBY, TROTT, and W. FLETCHER, Circuit Judges.

William Aubrey and Brenda B. Todd appeal pro se from the district court's order affirming the bankruptcy court's order determining that their debt to Fort Defiance Housing Corp. was nondischargeable under 11 U.S.C. § 523(a).  We have jurisdiction under 28 U.S.C. § 158(d).  We review decisions of the bankruptcy court independently without deference to the district court's determinations, *Leichty v. Neary, (In re Strand)*, 375 F.3d 854, 857 (9th Cir. 2004), and we affirm.

The bankruptcy court properly determined that the debt in question was nondischargeable because a prior decision between the parties necessarily decided that the money at issue was obtained by "false pretenses" and that Aubrey and Todd inflicted "willful and malicious injury" on Fort Defiance Housing Corp.  11 U.S.C. §§ 523(a)(2)(A), (a)(6); *Ormsby v. First Am. Title Co. of Nev. (In re Ormsby)*, 591 F.3d 1199, 1206-07 (9th Cir. 2010) (setting forth elements under § 523(a)(6)); *Harmon v. Kobrin (In re Harmon)*, 250 F.3d 1240, 1245-46 (9th Cir. 2001) (explaining that "[p]rinciples of collateral estoppel apply to proceedings seeking exceptions from discharge brought under 11 U.S.C. § 523(a)," and setting

---

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

forth elements under § 523(a)(2)(A)).

Appellants' request for a stay is denied.

**AFFIRMED.**