**NOT FOR PUBLICATION**


UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In the Matter of: MARC LEE BASS, <br><br> Debtor, <br> ———————————————————— <br><br> BEACON TALENT AGENCY, Inc., AKA Marc Bass Agency, Inc., <br><br> Appellant, <br><br> v. <br><br> MARC LEE BASS, <br><br> Appellee. | No. 14-56247 <br><br> D.C. No. 2:13-cv-07707-JVS <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Argued and Submitted June 10, 2016
Pasadena, California

Before: GOULD and HURWITZ, Circuit Judges, and RESTANI,[**] Judge.

At issue in this case is a bankruptcy court's order granting summary

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Jane A. Restani, Judge for the United States Court of International Trade, sitting by designation.

judgment to Beacon Talent Agency ("Beacon"), holding that Beacon has a non-dischargeable claim against a Chapter 7 debtor, Marc Lee Bass ("Bass"), based on a California state court judgment. On appeal, the district court reversed and remanded.

We have jurisdiction under 28 U.S.C. § 1291 to review the district court's decision. We review that decision de novo; the bankruptcy court's findings of fact are reviewed for clear error and its conclusions of law are reviewed de novo. Harmon v. Kobrin (In re Harmon), 250 F.3d 1240, 1245 (9th Cir. 2001). In reviewing the summary judgment, we determine, "viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the bankruptcy court correctly applied the substantive law." Id.

"[F]ederal courts . . . give preclusive effect to state-court judgments whenever the courts of the State from which the judgments emerged would do so." Kremer v. Chem. Constr. Corp., 456 U.S. 461, 482 (1982) (quoting Allen v. McCurry, 449 U.S. 90, 96 (1980)). California does not give preclusive effect to judgments awarded in excess of the relief properly requested, including untimely noticed punitive damages awards. See Greenup v. Rodman, 726 P.2d 1295, 1297 (Cal. 1986) (In Bank); Moffat v. Moffat, 612 P.2d 967, 972 (Cal. 1980) (In Bank);

2

Burtnett v. King, 205 P.2d 657, 658–59 (Cal. 1949); see also Cal. Civ. Proc. Code §§ 425.11, 580, 585. The district court thus properly refused to give preclusive effect to the punitive damages award in the state court judgment. See Matera v. McLeod, 51 Cal. Rptr. 3d 331, 343–45 (Ct. App. 2006).

Without the punitive damages award, the default judgment did not satisfy the requirements for non-dischargeability under either 11 U.S.C. §§ 523(a)(4) or (a)(6). Under 11 U.S.C. § 523(a)(4), Beacon did not establish that Bass was acting in a fiduciary capacity, see Cal-Micro, Inc. v. Cantrell (In re Cantrell), 329 F.3d 1119, 1125–26, 1128 (9th Cir. 2003), or that he acted with the requisite intent for purposes of embezzlement, compare Transamerica Commercial Fin. Corp. v. Littleton (In re Littleton), 942 F.2d 551, 555–56 (9th Cir. 1991) (holding that embezzlement requires fraudulent intent), with Burlesci v. Petersen, 80 Cal. Rptr. 2d 704, 706 (Ct. App. 1998) (holding that in California, conversion does not require intent to defraud). Additionally, under 11 U.S.C. § 523(a)(6), Beacon did not establish a willful and malicious injury. See Peklar v. Ikerd (In re Peklar), 260 F.3d 1035, 1039 (9th Cir. 2001) ("A judgment for conversion under California law . . . does not, without more, establish that a debt arising out of that judgment is non-dischargeable under § 523(a)(6).").

**AFFIRMED.**

3