**NOT FOR PUBLICATION**
**UNITED STATES COURT OF APPEALS**
**FOR THE NINTH CIRCUIT**

FILED

JAN 04 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| **In re:  CRISTIE TOLOTTI,** | No.    14-60067 |
| Debtor, | BAP No. 14-1019 |
| _____ | |
| **SEABOARD PRODUCE DISTRIBUTORS, INC.,** | **MEMORANDUM**<sup>*</sup> |
| Appellant, | |
| v. | |
| **CRISTIE TOLOTTI,** | |
| Appellee. | |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Kirscher, Pappas, and Taylor, Bankruptcy Judges, Presiding

Argued and Submitted October 5, 2016
Pasadena, California

Before:    **PREGERSON**, **KOZINSKI**<sup>**</sup> and **PAEZ**, Circuit Judges.

---

\*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*        Following argument in this case, Judge Kozinski was drawn to replace Judge Noonan.

**1.**     Section 523(a)(6) of the Bankruptcy Code prevents the discharge of debts arising from a debtor's "willful and malicious injury" to the property of another.  11 U.S.C. § 523(a)(6).  Relying on the California Superior Court's determination that Tolotti "acted deliberately, willfully, and intended to cause injury to Plaintiff's security and impede Plaintiff from obtaining physical possession of the property," the bankruptcy court held that Tolotti's debt wasn't dischargeable.  Because we are "in as good a position as the BAP to review the decision of the bankruptcy court, we review the bankruptcy court's decision independently," In re Nourbakhsh, 67 F.3d 798, 800 (9th Cir. 1995) (per curiam), and affirm.

For collateral estoppel to apply, five factors must be met: (1) the issue sought to be precluded "must be identical to that decided in a former proceeding"; (2) the issue must have been "actually litigated" in the former proceeding; (3) the issue must have been "necessarily decided" in the former proceeding; (4) the decision in the former proceeding must be "final and on the merits"; and (5) the party against whom preclusion is sought must be "the same as, or in privity with," the party to the former proceeding.  Lucido v. Superior Court of Mendocino Cty., 795 P.2d 1223, 1225 (Cal. 1990) (citations omitted).

The bankruptcy court properly applied collateral estoppel in this case.  There

is no dispute that the fourth and fifth factors—whether the parties are the same and the prior decision was final and on the merits—are met here. The issues presented in state court were identical to those presented to the bankruptcy court. In fact, the parties stipulated to litigate their claims in state court "in order to avoid potentially duplicative litigation . . . and/or inconsistent results that could arise should this matter be litigated in bankruptcy Court." The default judgment entered in state court satisfies the "actually litigated" requirement. See In re Harmon, 250 F.3d 1240, 1246 (9th Cir. 2001). Assuming that Tolotti hasn't waived the right to challenge whether the issue was "necessarily decided," this requirement is met so long as the issue was not "entirely unnecessary" to the judgment. Lucido, 795 P.2d at 1226. This prong of the collateral estoppel test is most salient when there are no express findings. See In re Harmon, 250 F.3d at 1248 ("[T]he express finding requirement can be waived if the court in the prior proceeding necessarily decided the issue . . . ."). But the state court expressly found that Tolotti "acted deliberately, willfully, and intended to cause injury to Plaintiff's security."

2.      The bankruptcy court properly determined that "[a]pplication of the doctrine of collateral estoppel in this case will further the public policy interest of preserving the integrity of the judicial system, promoting judicial economy, and

protecting litigants from harassment by vexatious litigation." <u>See</u> <u>In re Baldwin</u>, 249 F.3d 912, 919–20 (9th Cir. 2001) (quoting <u>Lucido</u>, 795 P.2d at 1227).

The decision of the bankruptcy court is **AFFIRMED.**