NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 3 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: MARTIN PEMSTEIN; DIANA PEMSTEIN, <br><br>                Debtors. <br> _____ <br><br> MARTIN PEMSTEIN, <br><br>                Appellant, <br><br>   v. <br><br> HAROLD PEMSTEIN, <br><br>                Appellee. | No. 15-60070 <br><br> BAP No. 15-1019 <br><br> MEMORANDUM[*] |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Kurtz, Perris, and Taylor, Bankruptcy Judges, Presiding

Submitted June 26, 2017[**]

Before:     PAEZ, BEA, and MURGUIA, Circuit Judges.

Martin Pemstein ("Martin") appeals pro se from the Bankruptcy Appellate

_____

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Panel's ("BAP") judgment affirming the bankruptcy court's order determining that Martin's debt to Harold Pemstein ("Harold") was nondischargeable under 11 U.S.C. § 523(a)(4). We have jurisdiction under 28 U.S.C. § 158(d). We review de novo BAP decisions and apply the same standard of review that the BAP applied to the bankruptcy court's ruling. *Boyajian v. New Falls Corp. (In re Boyajian)*, 564 F.3d 1088, 1090 (9th Cir. 2009). We affirm.

The bankruptcy court properly held that the debt based on the 2010 state court judgment was nondischargeable under § 523(a)(4) because a preponderance of the evidence established that Martin's misconduct was intentional and amounted to defalcation. *See Bullock v. BankChampaign, N.A.*, 133 S. Ct. 1754, 1757 (2013) (explaining that "defalcation" in § 523(a)(4) includes a "culpable state of mind" requirement involving "knowledge of, or gross reckless in respect to, the improper nature of the relevant fiduciary behavior"); *see also Grogan v. Garner*, 498 U.S. 279, 291 (1991) (setting forth standard of proof for dischargeability exceptions in § 523(a)); *Ragsdale v. Haller*, 780 F.2d 794, 796-97 (9th Cir. 1986) (California partners are fiduciaries within the meaning of § 523(a)(4)).

The bankruptcy court properly held that the 2010 state court judgment had preclusive effect over the issue of whether Martin's debt to Harold arose out of Martin's breach of a fiduciary duty with regard to the collection of rent for their former partnership, HMS Holding Company. *See Harmon v. Kobrin (In re*

*Harmon)*, 250 F.3d 1240, 1245 (9th Cir. 2001) (explaining that collateral estoppel applies in proceedings seeking exceptions from discharge under § 523(a), preclusive effect of a state court judgment in a subsequent bankruptcy proceeding is determined by state law, and setting forth issue preclusion requirements under California law); *see also* Cal. Corp. Code § 16404(a), (c) (setting forth fiduciary duties for partnerships); *cf. Robi v. Five Platters, Inc.*, 838 F.2d 318, 322-23 (9th Cir. 1988) (explaining the "last in time" rule regarding inconsistent judgments on the same claim or issue).

The bankruptcy court did not abuse its discretion by denying Martin's motion under Federal Rule of Civil Procedure 59(e) because Martin failed to demonstrate any basis for relief. *See* Fed. R. Bankr. P. 9023 (Fed. R. Civ. P. 59 applies to bankruptcy cases); *Zimmerman v. City of Oakland*, 255 F.3d 734, 737, 740 (9th Cir. 2001) (setting forth standard of review and discussing factors for granting a motion for reconsideration under Fed. R. Civ. P. 59(e)).

Harold's request for oral argument (Docket Entry No. 14) is denied.

**AFFIRMED.**

15-60070