NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

NOV 8 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| In the Matter of: THOMAS SPIELBAUER, | No.    18-15630 |
|  | D.C. No. 5:17-cv-03071-BLF |
| 167 E. WILLIAM LLC, | |
| Plaintiff-Appellee, | MEMORANDUM* |
| v. | |
| THOMAS SPIELBAUER, | |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Beth Labson Freeman, District Judge, Presiding

Submitted October 21, 2019**
San Francisco, California

Before: BYBEE and N.R. SMITH, Circuit Judges, and MENDOZA,*** District
Judge.

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Salvador Mendoza, Jr., United States District Judge for
the Eastern District of Washington, sitting by designation.

Thomas Spielbauer appeals the district court's order affirming the bankruptcy court's judgment in favor of 167 E. William LLC. The bankruptcy court determined, in granting summary judgment, that the monetary award Spielbauer owes the LLC under a California trial court judgment is not dischargeable under 11 U.S.C. § 523(a)(6) because it is a debt for willful and malicious injury. We have jurisdiction under 28 U.S.C. § 158(d)(1), and we affirm.

The LLC satisfies all three requirements for standing in bankruptcy court: it is a party in interest under the Bankruptcy Code, meets Article III's standing requirements, and does not implicate prudential standing concerns set forth in case law. *See Hughes v. Tower Park Props., LLC* (*In re Tower Park Props., LLC*), 803 F.3d 450, 456 (9th Cir. 2015).

The LLC has a claim against Spielbauer by virtue of the state court judgment it obtained against him. *See* 11 U.S.C. § 101(5)(A). This liability, specifically the monetary award provided in the judgment, constitutes a debt Spielbauer owes the LLC. *See id.* § 101(12). Therefore, the LLC is Spielbauer's creditor. *See id.* § 101(10)(A). As such, the LLC is a party in interest to Spielbauer's bankruptcy. *See id.* § 1109(b). Under the Bankruptcy Code, the LLC may raise any issue pertaining to its claim, including whether Spielbauer's debt is dischargeable. *See id.* §§ 523(c)(1), 1109(b); *see also* Fed. R. Bankr. P. 4007(a).

Similarly, as Spielbauer's creditor, the LLC satisfies all three of Article III's standing requirements. *See Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016); *Sherman v. SEC* (*In re Sherman*), 491 F.3d 948, 965 (9th Cir. 2007). The LLC suffered an injury in fact because the pendency of the bankruptcy action affects its ability to enforce the state court judgment in its favor and poses a risk that the debt might be discharged. *See Sherman*, 491 F.3d at 965. The LLC's injury is fairly traceable to Spielbauer's filing of the bankruptcy petition because such conduct makes it likely that the debt will not be fully paid. *See id.* And it is likely, as opposed to merely speculative, that the LLC's injury will be redressed by a favorable decision, as such a result would mean that the debt would not be discharged. *See id.* In sum, the LLC has Article III standing to seek a determination that the debt Spielbauer owes it under the state court judgment is nondischargeable. Spielbauer's argument that the LLC did not satisfy Article III's standing requirements in the California trial court is irrelevant. *See ASARCO Inc. v. Kadish*, 490 U.S. 605, 617 (1989).

Finally, the LLC, by seeking a determination that the debt Spielbauer owes it under the state court judgment is nondischargeable, has not implicated the three broad principles of prudential standing. *See Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 126 (2014). The LLC is raising its own legal right

to payment under state law, is not raising a generalized grievance, and is within the zone of interests protected by the Bankruptcy Code.

Under California law, issue preclusion principles prevent Spielbauer from relitigating the state court factual finding that he committed fraud. *See Ormsby v. First Am. Title Co. of Nev. (In re Ormsby)*, 591 F.3d 1199, 1205 n.3 (9th Cir. 2010); *Samara v. Matar*, 419 P.3d 924, 926 (Cal. 2018). The state court judgment is a final adjudication on the merits. It involves an issue identical to the issue raised in the bankruptcy court: whether Spielbauer committed fraud by intentionally misrepresenting a material fact known to him with the intention of injuring the LLC. That issue was actually litigated and necessarily decided by both the California trial and appellate courts; it did not evade review.[1] And the LLC asserted issue preclusion against the same defendant from the state court litigation, Spielbauer. Moreover, the public policies underlying issue preclusion—preserving the judicial system's integrity, promoting judicial economy, and protecting litigants from vexatious litigation—support applying issue preclusion here. *See Harmon v. Kobrin (In re Harmon)*, 250 F.3d 1240, 1245 (9th Cir. 2001); *Lucido v. Superior Court*, 795 P.2d

---

[1] The state trial court found by clear and convincing evidence that Spielbauer's conduct was fraudulent under California Civil Code section 3294(c)(3), which defines fraud as "an intentional misrepresentation, deceit, or concealment of a material fact known to the defendant with the intention on the part of the defendant of thereby depriving a person of property or legal rights or otherwise causing injury." The state appellate court concluded substantial evidence supported this finding.

1223, 1226–27 (Cal. 1990). Issue preclusion is available here, and the bankruptcy court did not abuse its discretion in applying it. *See Dias v. Elique*, 436 F.3d 1125, 1128 (9th Cir. 2006).

The monetary award the LLC obtained against Spielbauer in the state trial court is, under 11 U.S.C. § 523(a)(6), a nondischargeable debt for the willful and malicious injury he caused the LLC. Spielbauer committed fraud by intentionally misrepresenting a material fact known to him with the intention of injuring the LLC. This qualifies as a deliberate and intentional injury, inflicted with the actual, subjective motive and intent to cause the injury that flowed as a natural consequence of the act. *See Ormsby*, 591 F.3d at 1206. This also qualifies as a malicious injury because it was a wrongful, intentional act that necessarily caused injury without just cause or excuse. *See id.* at 1207. Both elements of nondischargeability are satisfied.

No genuine dispute of material fact exists and the LLC is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a); Fed. R. Bankr. P. 7056. The bankruptcy court did not err in granting summary judgment in favor of the LLC.

We decline to consider Spielbauer's argument that the state court monetary award is excessive because he did not present it to either the bankruptcy court or the district court. *See El Paso City v. Am. W. Airlines, Inc.* (*In re Am. W. Airlines, Inc.*), 217 F.3d 1161, 1165 (9th Cir. 2000).

We overrule the LLC's objection to portions of Spielbauer's excerpts of record because he cites them in his briefing on the standing issue and they are minimally relevant. *See* 9th Cir. R. 30-1.4(a)(xi).

**AFFIRMED.**