**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

In re: MARK ABBEY SLOTKIN,

Debtor.

_____

SLOTKIN DEFECTIVE TRUST OF
DECEMBER 14, 2012; et al.,

Appellants,

v.

ELISSA D. MILLER, Trustee,

Appellee.

No. 23-55098

D.C. No. 2:22-cv-00021-FWS

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Fred W. Slaughter, District Judge, Presiding

Argued and Submitted February 13, 2024
Pasadena, California

Before: W. FLETCHER, NGUYEN, and LEE, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

The Trustee in this Chapter 7 bankruptcy proceeding sought partial summary judgment and injunctive relief in the form of an order directing the trusts and limited liability companies ("LLCs") to turn their assets over to debtor Mark Slotkin's bankruptcy estate. The bankruptcy court granted the relief sought by the Trustee, and the district court affirmed. We have jurisdiction pursuant to 28 U.S.C. § 158(d). We affirm.

We review de novo the district court's judgment in the appeal of the bankruptcy court's grant of summary judgment. *In re Raintree Healthcare Corp.*, 431 F.3d 685, 687 (9th Cir. 2005). As the parties are familiar with the factual and procedural history of this case, we need not recount it here.

Slotkin argues that the bankruptcy court erred by finding that he had equitable ownership in the assets at issue and was the alter ego of the trusts and LLCs that held the assets. None of Slotkin's arguments create a genuine dispute of material fact. It is undisputed that Slotkin maintained personal control over the assets, commingled funds, used the assets to pay personal expenses, and failed to maintain legally significant separation between himself and the trusts and LLCs that held the disputed assets. These facts are more than sufficient to support the bankruptcy court's order. *See In re Schwarzkopf*, 626 F.3d 1032, 1038–39 (9th Cir. 2010).

Slotkin also argues that the bankruptcy court was collaterally estopped from finding alter ego by a prior court finding in Slotkin's divorce proceedings. Slotkin argues the divorce court affirmatively found no alter ego. His argument misreads the plain language of the relevant document, in which the court clearly stated that it was not reaching the issue of alter ego. Slotkin also misunderstands the law of collateral estoppel. Even if the divorce court had reached the issue and even if the issue had been the same in the two proceedings, the Trustee was neither a party to the divorce proceeding nor in privity with the parties to that proceeding. The Trustee therefore cannot be collaterally estopped in the bankruptcy proceeding by a decision by the divorce court. *See In re Harmon*, 250 F.3d 1240, 1245 (9th Cir. 2001).

Finally, we note that the Trustee argued, both in the briefing and at oral argument, that this appeal was equitably moot. Because we affirm the district court's judgment on the merits, we need not address this argument. *See In re Point Ctr. Fin., Inc.*, 957 F.3d 990, 1002 (9th Cir. 2020).

**AFFIRMED.**