ORDERED PUBLISHED

**UNITED STATES BANKRUPTCY APPELLATE PANEL**

**OF THE NINTH CIRCUIT**

| | |
|---|---|
| In re: ) | BAP No. EC-15-1072-DJuF |
| ) | |
| RICHARD JACKSON and ) | |
| TAMARA ANNE JACKSON, ) | Bk. No. 10-11810-A-13 |
| ) | |
| Debtors. ) | |
| _____) | |
| ) | |
| RICHARD JACKSON; ) | |
| TAMARA ANNE JACKSON, ) | |
| ) | |
| Appellants, ) | |
| ) | |
| v. ) | **O P I N I O N** |
| ) | |
| UNITED STATES, ) | |
| ) | |
| Appellee. ) | |
| _____) | |

Argued and Submitted on November 19, 2015
at Sacramento, California

Filed - December 4, 2015

Appeal from the United States Bankruptcy Court
for the Eastern District of California

Honorable Frederick E. Clement, Bankruptcy Judge, Presiding

———————————————

Appearances:   David R. Jenkins appeared and argued for Appellants Richard Jackson and Tamara Anne Jackson. Jeffrey J. Lodge, Assistant U.S. Attorney, appeared and argued on behalf of Appellee United States.

———————————————

Before:   DUNN, JURY, and FARIS, Bankruptcy Judges.

DUNN, Bankruptcy Judge:

The Internal Revenue Service (IRS") timely filed a proof of claim ("Initial Claim") in the chapter 13[1] case of Richard and Tamara Anne Jackson. The Initial Claim included (1) an estimate of the Jacksons' income tax liability for the 2009 tax year and (2) a reservation of the right to assess the true tax liability for the 2009 tax year once the Jacksons had filed their 2009 income tax return ("2009 Return"). Approximately six months after the 2009 Return was filed, the IRS amended the Initial Claim ("Amended Claim") to assert priority status with respect to the 2009 assessed tax liability, which was approximately six times the amount estimated. Nearly four years later, the Jacksons objected ("Claim Objection") to the Amended Claim pursuant to § 502(b)(9) on the basis that it was untimely, asserting that § 1308 required the IRS to file its claim for the 2009 assessed tax liability within 60 days after the 2009 Return was filed.

We AFFIRM the bankruptcy court's order overruling the Claim Objection.

## I. FACTUAL BACKGROUND

The Jacksons filed their chapter 13 bankruptcy petition ("Petition") on February 24, 2010. At the time the Petition was filed, the Jacksons' 2009 Return had not been filed.

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and all "Rule" references are to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037.

On February 28, 2010, the Jacksons filed their Chapter 13 Plan ("Plan"). The Plan provided that claims entitled to priority pursuant to § 507 would be paid in full. The Plan included an estimated IRS priority claim in the total amount of $57,086.93.[2]

The IRS filed its Initial Claim on April 5, 2010. Through the Initial Claim, the IRS asserted an unsecured priority claim in the amount of $6,102.60 under § 507(a)(8) for the 2009 tax year. The Initial Claim reflected that the Jacksons' income tax liability for that period was "unassessed" because no return had been filed. In a footnote, the Initial Claim provided: "Unassessed tax liability(ies) have been listed on this claim because our records show no return(s) filed. When the debtor(s) files the return or provides other information as required by law the claim will be amended."

Important to the resolution of this appeal, but not addressed by either party, through the Initial Claim the IRS also asserted assessed income tax unsecured priority claims in the amounts of $3,526.00 and $3,857.00, respectively, for the 2007 and 2008 tax years. In addition, the IRS asserted unsecured priority tax claims in the amount of $4,999.00 each for the 2007 and 2008 tax years; these latter amounts were marked "Pending Examination" as "proposed tax deficiency determined by examination of debtor(s) tax return." In total, the IRS asserted an unsecured priority claim in the amount of $23,992.92 through

---

[2] Under §§ 3.04 and 5.04 of the First Amended Plan, the claim amounts stated in the Plan were estimates only. The proofs of claim, not the Plan, controlled the allowed amounts of claims.

the Initial Claim.[3]

On April 28, 2010, the Jacksons filed their First Modified Chapter 13 Plan ("First Amended Plan"), which provided that IRS claims entitled to priority pursuant to § 507 would be paid in full. The First Amended Plan estimated that the IRS priority claim was $42,678.44. The First Amended Plan was confirmed by the bankruptcy court's order entered July 8, 2010.

Pursuant to the extension they had requested, the Jacksons filed their 2009 Return on October 14, 2010. No copy of the 2009 Return is included in the record either in the bankruptcy court or on appeal.

On November 26, 2010, the Jacksons filed their Second Modified Chapter 13 Plan ("Second Amended Plan"), which reduced the total monthly plan payment from $2,677.00 to $2,127.00, necessitated, as set forth in their declaration filed in support of approval of the Second Amended Plan, by a decrease in income experienced by the Jacksons. In their motion for approval of the Second Amended Plan, the Jacksons outlined the impact on secured creditors resulting from the reduction in the monthly plan payment. The motion did not address the impact, if any, on priority creditors. Notably, both the treatment and the amount of the IRS priority claim remained unchanged under the Second Amended Plan. The Second Amended Plan was approved by the bankruptcy court's order entered February 3, 2011.

The IRS filed the Amended Claim on April 11, 2011. Through

---

[3] This total does not include interest to the petition date in the amount of $462.12.

-4-

the Amended Claim the IRS asserted a total priority claim in the amount of $61,735.00. The increase is accounted for as follows:

1. On March 12, 2011, following the examination of the Jacksons' return for the 2007 tax year, the IRS made an additional assessment of $12,672.00, an increase of $7,673.00 over the amount included in the Initial Claim.

2. On February 7, 2011, following the examination of the Jacksons' return for the 2008 tax year, the IRS made an additional assessment of $6,071.00, an increase of $1,072.00 over the amount included in the Initial Claim.

3. On November 22, 2010, following the filing of the 2009 Return, the IRS assessed $35,309.00 for the 2009 tax year, an increase of $29,206.40 over the estimated liability included in the Initial Claim.

On January 5, 2015, nearly four years after the Amended Claim had been filed, the Jacksons objected to the Amended Claim. In the Claim Objection, the Jacksons acknowledged that they were obligated under the Second Amended Plan to pay, in full, the IRS priority tax claim. They asserted, however, that the $35,309.00 assessment for the 2009 tax year included in the Amended Claim constituted an untimely claim where the IRS did not assert the assessment for the 2009 Return either before the governmental claims bar date of August 23, 2010, or within 60 days after the 2009 Return was timely filed. The IRS countered that there was no deadline for amending the Initial Claim and that the Initial Claim was sufficient to put the Jacksons on notice that the IRS intended to assert a claim for any future assessment to be made for the 2009 tax year once the Jacksons had filed the 2009

Return.

The bankruptcy court overruled the Claim Objection, holding that the claims bar date pertained only to the filing of the Initial Claim and was "not intended to preclude an amendment." Tr. of Feb. 19, 2015 H'rng at 11:2-8. The Jacksons filed a timely notice of appeal.

## II. JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(B). We have jurisdiction under 28 U.S.C. § 158.

## III. ISSUE

Whether the bankruptcy court erred when it determined that neither § 502(b)(9) nor Rule 3002(c)(1) rendered the Amended Claim untimely.

## IV. STANDARDS OF REVIEW

We review de novo issues of statutory construction and conclusions of law, including a bankruptcy court's interpretation of the Bankruptcy Code. Samson v. W. Capital Partners, LLC (In re Blixseth), 684 F.3d 865, 869 (9th Cir. 2012)(per curiam). See also Aspen Skiing Co. v. Cherrett (In re Cherrett), 523 B.R. 660, 667 (9th Cir. BAP 2014).

Similarly, we review a bankruptcy court's interpretation and application of the Rules de novo. All Points Capital Corp. v. Meyer (In re Meyer), 373 B.R. 84, 87 (9th Cir. BAP 2007) (citing Ruvacalba v. Munoz (In re Munoz), 287 B.R. 546, 550 (9th Cir. BAP 2002)).

De novo means that we review a matter anew, as if no decision previously had been rendered. Dawson v. Marshall, 561

-6-

F.3d 930, 933 (9th Cir. 2009).

## V.  DISCUSSION

Section 502(b)(9) authorizes the bankruptcy court, upon the filing of an objection, to disallow a claim that has not been timely filed.

Section 1308 was added to the Bankruptcy Code in 2005 through the enactment of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 and requires debtors to file tax returns for all taxable periods ending during the 4-year period ending on the date of the filing of the petition.  At the same time, § 502(b)(9) was amended to address the timeliness of claims filed as a result of § 1308.

> [A] claim of a governmental unit shall be timely filed if it is filed before 180 days after the date of the order for relief or such later time as the [Rules] may provide and except that in a case under chapter 13, <u>a claim of a governmental unit for a tax with respect to a return filed under section 1308 shall be timely if the claim is filed on or before the date that is 60 days after the date on which such return was filed as required</u>.

§ 502(b)(9) (emphasis added).

Rule 3002(c)(1) was amended in 2008 to address the implications of § 1308.

> Rule 3002.  Filing Proof of Claim or Interest
> . . .
> (c) TIME FOR FILING.
> . . .
> (1)  A proof of claim filed by a governmental unit, other than a claim resulting from a tax return filed under § 1308, is timely if it is filed not later than 180 days after the date of the order for relief.  A proof of claim filed by a governmental unit for a claim resulting from a tax return filed under § 1308 is timely if it is filed no later than 180 days after the date of the order for relief or 60 days after the date of the filing of the tax return.  The court may, for cause, enlarge the time for a governmental unit to file a proof of claim only upon motion of the governmental

unit made before expiration of the period for filing a timely proof of claim.

As stated in the Advisory Committee note to the 2008 amendment to Rule 3002:

Subdivision (c)(1) is amended to reflect the addition of § 1308 to the Bankruptcy Code in 2005. This provision requires that chapter 13 debtors file tax returns during the pendency of the case, and imposes bankruptcy-related consequences if debtors fail to do so. Subdivision (c)(1) provides additional time for governmental units to file a proof of claim for tax obligations with respect to tax returns filed during the pendency of a chapter 13 case. The amendment also allows the governmental unit to move for additional time to file a proof of claim prior to the expiration of the applicable filing period.

The Jacksons assert on appeal that, because the 2009 Return was filed as directed by § 1308, any claim by the IRS for the _assessed_ liability for the 2009 tax year would have been timely _only_ if the IRS had asserted that liability in a claim filed by December 13, 2010, the date which is 60 days after the October 14, 2010 filing date of the 2009 Return.

The only question presented by this appeal is whether § 1308 establishes an absolute deadline for asserting the assessed dollar amount of the 2009 tax liability. We conclude that it does not.

It has long been established in the Ninth Circuit that an amendment to a timely proof of claim "relates back" to a timely filed claim when the original claim provided "fair notice of the conduct, transaction, or occurrence that forms the basis of the claim asserted in the amendment." State of Cal. Bd. Of Equalization v. Ulrich (In re Solari), 63 B.R. 115, 117 (1986), quoting Pepperland, Inc. v. Westgate-California Corp. (In re

Westgate-California Corp.), 621 F.2d 983 (9th Cir. 1980). With respect to federal taxes, a timely-filed claim based on estimated personal income taxes can be amended.

> [T]he fact that the IRS filed a proof of claim for income taxes put the debtors on notice that the IRS might augment its claim, especially where it only listed estimated liability. Therefore, equitable principles reinforce a finding that the IRS may amend its original proof of claim for income taxes to include income taxes due for other years not initially listed.

In re Osborne, 159 B.R. 570, 577 (Bankr. C.D. Cal. 1993), aff'd 167 B.R. 698 (9th Cir. BAP 1994), aff'd 76 F.3d 306 (9th Cir. 1996).

There is no dispute that the Initial Claim was timely filed, that it included an estimated liability for the 2009 tax year, and that it explicitly stated the Initial Claim would be amended after the 2009 Return was filed. There also is no dispute that the Amended Claim explicitly indicated it amended the Initial Claim and that it replaced the estimated claim with an assessed liability based on the 2009 Return. We see no reason why the Amended Claim cannot benefit from the relation back principle for amended claims generally, particularly where the audits with respect to the Jacksons' 2007 and 2008 tax years were continuing.

The Advisory Committee note to Rule 3002 suggests that, because § 1308 provides for tax returns to be filed post-petition, the general 180-day claims deadline for governmental units may not be sufficient. For that reason, the general claims deadline for governmental units is automatically extended to a date 60 days after the post-petition tax return is filed, if the general deadline expired before that date. We see nothing in the Bankruptcy Code or the Rules that precludes, as a matter of law,

-9-

the IRS from asserting a claim based on an estimate within the general claims deadline, and then amending it once the debtor has provided the information necessary for the actual assessment of the tax liability.[4]

## VI.  CONCLUSION

The bankruptcy court correctly overruled the Claim Objection, holding that the Amended Claim is not an untimely claim under § 502(b)(9), but instead is an amendment to the previously-filed timely Initial Claim.

We AFFIRM.

---

[4] We recognize that in chapter 13 cases, claims bar dates serve an expanded purpose in allowing debtors to formulate and confirm a plan promptly to address their debts.  As such, there may be cases where it would be inequitable to allow an amendment to a claim if there is an unreasonable delay.  However, the bankruptcy court was not asked to reach the equities of allowing the Amended Claim under the circumstances of this case.  We observe that the Jacksons filed the Second Amended Plan after the 2009 Return was filed, at a time when they would have been aware of their true liability for the 2009 tax year, yet they did not address the increased liability in the Second Amended Plan. In addition, for unknown reasons, the Jacksons waited until almost four years after the Amended Claim was filed and within approximately one month prior to the end of the plan term before filing the Claim Objection.