**NOT FOR PUBLICATION**

# UNITED STATES BANKRUPTCY APPELLATE PANEL

## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re: ) | BAP No.   CC-15-1379-TaLKi |
| ) | |
| LORNA J. RILEY, ) | Bk. No.   2:13-bk-36193-RN |
| ) | |
| Debtor. ) | Adv. No.  2:14-ap-01422-RN |
| _____ ) | |
| ) | |
| CALIFORNIA CAPITAL INSURANCE ) | |
| COMPANY, ) | |
| ) | |
| Appellant, ) | |
| ) | |
| v. ) | **MEMORANDUM**[*] |
| ) | |
| LORNA J. RILEY, ) | |
| ) | |
| Appellee.[**] ) | |
| _____ ) | |

Submitted Without Oral Argument[***] on May 19, 2016

Filed – June 8, 2016

Appeal from the United States Bankruptcy Court
for the Central District of California

Honorable Richard M. Neiter, Bankruptcy Judge, Presiding

Appearance:    Bruce N. Graham of Graham & Associates on brief
for appellant.

---

[*]    This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8024-1(c)(2).

[**]    Appellee did not file a brief; pursuant to the BAP Clerk of Court's conditional order of waiver, she waived the right to appear in this appeal.

[***]    The Panel unanimously determined that the appeal was suitable for submission on the briefs and record pursuant to Bankruptcy Rule 8019(b)(3).

Before: TAYLOR, LANDIS,[****] and KIRSCHER, Bankruptcy Judges.

**INTRODUCTION**

California Capital Insurance Company appeals from the bankruptcy court's judgment in favor of Debtor Lorna Riley in an adversary proceeding objecting to discharge of its claim under § 523(a)(6).[1]

We AFFIRM.

**FACTS**[2]

Prepetition, Appellant commenced an action against the Debtor and her family in California state court. The Debtor and

---

[****] The Honorable August B. Landis, United States Bankruptcy Judge for the District of Nevada, sitting by designation.

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532. All "Rule" references are to the Federal Rules of Bankruptcy Procedure. All "Civil Rule" references are to the Federal Rules of Civil Procedure.

[2] Appellant requests that the Panel take judicial notice of four state court records. It, however, neither filed these documents with the bankruptcy court nor submitted them as evidentiary exhibits at trial. We normally do not consider documents that were not presented to the bankruptcy court. See United States v. Elias, 921 F.2d 870, 874 (9th Cir. 1990).

That said, the trial transcript shows that the bankruptcy court reviewed the state court complaint. There is no indication on this record that there was an amended state court complaint. Thus, we grant the request in part and take judicial notice of the state court complaint.

We also take judicial notice of the state court judgment pursuant to Federal Rule of Evidence 201. We recognize that, with few exceptions, parties may not supplement the record on appeal. See Lowry v. Barnhart, 329 F.3d 1019, 1024-25 (9th Cir. 2003). Nonetheless, the Debtor has not appeared in this appeal and one of the issues on appeal is the preclusive effect of the state court judgment.

2

her husband rented a house (the "Property") from Appellant's insured; they were later evicted for failure to pay rent. The complaint asserted three cause of actions: (1) breach of contract; (2) the intentional torts of willful misconduct and private nuisance; and (3) general negligence. As to each cause of action, the complaint alleged the same facts: that the Debtor (and her family)

> [C]aus[ed] or fail[ed] to prevent the vandalizing of the [Property], by cutting the carpet and carpet pad, spilling paint on the carpet and bathroom floor of the [Property], painting profanities on the walls of the [Property], leaving trash throughout the [Property], smashing the masterbath sink with such force that the sink cracked, and otherwise damaging the [Property].

R., Ex. J at 88-92.

The state court subsequently struck the Debtor's answer to the complaint and entered default against her. Appellant eventually obtained a default judgment against the Debtor and her husband and an award of compensatory damages in the principal amount of $20,824.95, plus fees and costs. The Debtor later filed for bankruptcy.

As relevant to this appeal,[3] the adversary complaint sought a determination that the debt owed to Appellant was excepted from discharge pursuant to § 523(a)(6) based on the issue preclusive effect of the state court judgment.

In the course of discovery, Appellant served requests for admission ("RFAs") on the Debtor. The Debtor never responded. Indeed, she did little in the adversary proceeding until the eve

---

[3] The adversary complaint also asserted a § 523(a)(4) claim, which the bankruptcy court also denied. Appellant expressly abandons the § 523(a)(4) claim for relief on appeal.

of trial when she requested a continuance.

Although both Appellant and the Debtor appeared at trial, the bankruptcy court did not take any testimony.[4] It first explained the effects of the Debtor's nonparticipation in the state court proceeding, including entry of the default judgment. Turning to Appellant, the bankruptcy court, however, concluded that the state court default judgment did not establish § 523(a)(6) nondischargeability. It also concluded that the RFAs constituted improper conclusions of law under Civil Rule 36(a) and, thus, that they did not provide an independent basis for Appellant's § 523(a)(6) claim. As there was no additional evidence introduced at trial, the bankruptcy court entered judgment for the Debtor.

Appellant subsequently appealed.[5]

**JURISDICTION**

The bankruptcy court had jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(I). We have jurisdiction under 28 U.S.C. § 158.

**ISSUE**

Whether the bankruptcy court erred in determining that the state court judgment was not excepted from discharge under § 523(a)(6).

///

---

[4] At a pretrial conference, Appellant had advised the bankruptcy court that it would submit on its papers and the RFAs.

[5] The bankruptcy court granted Appellant's timely request to extend the time to appeal pursuant to Rule 8002(d).

4

**STANDARDS OF REVIEW**

We review de novo the bankruptcy court's determination of whether a particular debt is excepted from discharge under § 523(a)(6). Plyam v. Precision Dev., LLC (In re Plyam), 530 B.R. 456, 461 (9th Cir. BAP 2015); see also Carrillo v. Su (In re Su), 290 F.3d 1140, 1142 (9th Cir. 2002) (nondischargeability presents mixed issues of law and fact and is reviewed de novo).

We also review de novo the bankruptcy court's decision as to the availability of issue preclusion. In re Plyam, 530 B.R. at 461. If issue preclusion was available, we then review the bankruptcy court's application of issue preclusion for an abuse of discretion. Id. A bankruptcy court abuses its discretion if it applies the wrong legal standard, misapplies the correct legal standard, or if its factual findings are illogical, implausible, or without support in inferences that may be drawn from the facts in the record. See TrafficSchool.com, Inc. v. Edriver Inc., 653 F.3d 820, 832 (9th Cir. 2011) (citing United States v. Hinkson, 585 F.3d 1247, 1262 (9th Cir. 2009) (en banc)).

Finally, we review de novo the bankruptcy court's interpretation and application of the procedural rules. See Jackson v. United States (In re Jackson), 541 B.R. 887, 890 (9th Cir. BAP 2015).

**DISCUSSION**

Appellant contends that the bankruptcy court erred in determining that the state court judgment was not excepted from discharge under § 523(a)(6) for three reasons: first, by

5

declining to give issue preclusive effect to the judgment; second, by determining that the state court's terminating sanction against the Debtor did not constitute a willful and malicious injury; and, third, by determining that the RFAs did not conclusively establish the existence of a willful and malicious injury. We conclude that there was no error in the bankruptcy court's determinations.

Section 523(a)(6) excepts from discharge debts arising from a debtor's "willful and malicious" injury to another person or to the property of another. Barboza v. New Form, Inc. (In re Barboza), 545 F.3d 702, 706 (9th Cir. 2008). The "willful" and "malicious" injury requirements are conjunctive and subject to separate analysis. Id.; In re Su, 290 F.3d at 1146–47.

An exacting requirement, the willful injury requirement is satisfied when a debtor harbors "either a subjective intent to harm, or a subjective belief that harm is substantially certain." In re Su, 290 F.3d at 1144; see also Petralia v. Jercich (In re Jercich), 238 F.3d 1202, 1208 (9th Cir. 2001). "A willful injury is a deliberate or intentional injury, not merely a deliberate or intentional act that leads to injury." In re Barboza, 545 F.3d at 706 (quoting Kawaauhau v. Geiger, 523 U.S. 57, 61 (1998)) (internal quotation marks omitted). As a result, "debts arising from recklessly or negligently inflicted injuries do not fall within the compass of § 523(a)(6)." Geiger, 523 U.S. at 64. Thus, as this Panel has stated, "the Supreme Court in Geiger effectively adopted a narrow construction and the most blameworthy state of mind" as

6

that required for § 523(a)(6) nondischargeability. In re Plyam, 530 B.R. at 464.

The malicious injury requirement is established where there is: "(1) a wrongful act, (2) done intentionally, (3) which necessarily causes injury, and (4) is done without just cause or excuse." In re Jercich, 238 F.3d at 1209.

Save for certain situations not applicable here,[6] § 523(a)(6) is predicated on the existence of an intentional tort. See Geiger, 523 U.S. at 61, 64 (observing that "the [§ 523](a)(6) formulation triggers in the lawyer's mind the category 'intentional torts,' as distinguished from negligent or reckless torts.") (citation omitted). Whether there exists an intentional tort is typically informed by state law. See generally Lockerby v. Sierra, 535 F.3d 1038, 1041 (9th Cir. 2008).

## A. The state court's terminating sanction did not support § 523(a)(6) nondischargeability.

Appellant argues that the state court's terminating sanction against the Debtor (that is, striking the Debtor's answer to the state court complaint) supplied an alternative basis for nondischargeability. We disagree.

The bankruptcy court did not make any specific findings in relation to the terminating sanction, and we cannot determine the basis for the sanction on this record. At trial, the Debtor asserted that her form of answer was procedurally defective.

---

[6] E.g., a criminal violation or a tort-like statutory violation may also suffice for § 523(a)(6) nondischargeability.

7

Appellant, on the other hand, alleged that the sanction followed violation of multiple state court orders. Thus, the sanction arose either from the Debtor's ineptitude or from more serious failures to properly engage in the state court litigation.

We need not remand for resolution of this question, however, because whatever the basis for the terminating sanction it was not an act that gave rise to the injury to the Property. And only the claim for injury to the Property formed the basis for the complaint's § 523(a)(6) nondischargeability claim. There was no attempt before the bankruptcy court or on appeal to monetize the alleged injury relating to the terminating sanction, to explain the alleged injury, or to discuss why any such injury was willful and malicious.

**B.    The state court judgment failed to establish all elements of Appellant's § 523(a)(6) claim.**

The bankruptcy court may give issue preclusive effect to a state court judgment as the basis for excepting a debt from discharge. Harmon v. Kobrin (In re Harmon), 250 F.3d 1240, 1245 (9th Cir. 2001). We apply the forum state's law of issue preclusion. Id.

California permits application of issue preclusion to an existing judgment: (1) after final adjudication; (2) of an identical issue; (3) actually litigated in the former proceeding; (4) necessarily decided in the former proceeding; and (5) asserted against a party in the former proceeding or in privity with that party. See DKN Holdings LLC v. Faerber, 61 Cal. 4th 813, 825 (2015). In addition, the court must determine that issue preclusion "furthers the public policies

8

underlying the doctrine." In re Harmon, 250 F.3d at 1245 (citing Lucido v. Super. Ct., 51 Cal. 3d 335, 342-42 (1990)); see also Khaligh v. Hadaegh (In re Khaligh), 338 B.R. 817, 824-25 (9th Cir. BAP 2006).

A default judgment is not excluded from an application of issue preclusion; but "the issue must have been 'necessarily litigated' in the action resulting in the default judgment." In re Harmon, 250 F.3d at 1246 n.5 (citation omitted). This requirement, in turn, "imposes two separate conditions: the issue must have been 'actually litigated' and it must have been 'necessarily decided' by the default judgment." Id. (citation omitted). Preclusive application to such a judgment, however, is limited to the allegations and causes of action as set forth in the complaint. See Cal. Civ. Proc. Code § 580; In re Williams' Estate, 36 Cal. 2d 289, 293 (1950) ("Of course, a court in a default action may not grant relief beyond that which is demanded in the complaint. . . .").

The party asserting preclusion bears the burden of establishing the threshold requirements. In re Harmon, 250 F.3d at 1245. This means providing "a record sufficient to reveal the controlling facts and pinpoint the exact issues litigated in the prior action." Kelly v. Okoye (In re Kelly), 182 B.R. 255, 258 (9th Cir. BAP 1995), aff'd, 100 F.3d 110 (9th Cir. 1996). Ultimately, "[a]ny reasonable doubt as to what was decided by a prior judgment should be resolved against allowing the [issue preclusive] effect." Id.

On appeal, Appellant does not address with particularity any of the elements of issue preclusion. But, on de novo

9

review, we conclude that issue preclusion was unavailable. The bankruptcy court, thus, correctly declined to give preclusive effect to the state court judgment.

**1.    The allegations as pled in the state court complaint did not include the § 523(a)(6) willful injury requirement.**

Each of the three causes of action in the state court complaint asserted the same exact allegation: that the Debtor either caused or failed to prevent the "vandalizing" of the Property, followed by a descriptive paragraph of the damage. This allegation, however, does not plainly equate to an allegation that the Debtor subjectively intended to damage the landlord or the Property or that she was substantially certain that damage would occur.

Appellant maintains that, based on the default judgment, the Debtor admitted that she was liable for the damages because she "caus[ed] . . . the vandalizing of the [Property] . . . ." Apl't Op. Br. at 11. This is an overstatement. Appellant disingenuously omits from the complaint's quoted language the phrase "**or fail[ed] to prevent**." Emphasis added. This disjunctive allegation bars the application of issue preclusion here.

An alleged failure to do an act may be merely negligent. See Restatement (Second) of Torts § 282 (1965) cmt. a ("Negligent conduct may consist either of an act . . . or **an omission to act** when there is a duty to do so. . . .") (emphasis added); id. § 284(b) (defining negligent conduct as "a failure to do an act which is necessary for the protection or assistance

10

of another and which the actor is under a duty to do."); CACI 401 (Negligence - Basic Standard of Care), Judicial Council of Cal. Civ. Jury Instrs. (2011) ("A person can be negligent by acting or **by failing to act**. A person is negligent if he or she . . . fails to do something that a reasonably careful person would do in the same situation.") (emphasis added).

Here, the default judgment determined that the Debtor either damaged the Property or failed to prevent others from doing so. Thus, the default judgment did not necessarily decide that an intentional tort and injury occurred and left open the possibility that the Debtor acted with mere negligence. Again, a negligently inflicted injury cannot support § 523(a)(6) nondischargeability.[7]

### 2. The state court judgment's ambiguity bars application of issue preclusion.

The state court judgment contains no factual findings or conclusions of law; it simply grants judgment in Appellant's favor against the Debtor and her husband and awards damages in the amount sought in the state court complaint. We cannot tell whether the state court judgment was based equally on each cause

---

[7] Appellant's argument that the breach of contract cause of action was nondischargeable under § 523(a)(6) based on state public policy also fails. In California, tortious breach of contract involves "[c]onduct...[that] becomes tortious only when it also violates an independent duty arising from principles of tort law." In re Jercich, 238 F.3d at 1206 (internal quotation marks and citation omitted). Appellant did not adequately plead this theory of recovery in the state court complaint. But even if we assume that the contract claim was tortious, the Debtor's failure to act did not require a conclusion that the breach resulted from more than negligence.

11

of action in the state court complaint or rested on only one theory of recovery. In the absence of an express determination to the contrary, we must infer that the state court granted the judgment in the disjunctive. Thus, we cannot rule out the possibility that the basis of recovery was the cause of action asserting general negligence. Again, a negligently inflicted injury can never support a determination of § 523(a)(6) nondischargeability. Geiger, 523 U.S. at 64. This reasonable doubt enjoins the Appellant's reliance on issue preclusion and the state court judgment. See In re Kelly, 182 B.R. at 258.

**3. Neither of the intentional torts asserted in the state court complaint satisfy the § 523(a)(6) willful injury requirement.**

**Private nuisance**. In California, every nuisance that is not public is considered a private nuisance. Cal. Civ. Code § 3481. A nuisance is defined as "[a]nything which is . . . an obstruction to the free use of property, so as to interfere with the comfortable enjoyment of life or property . . . ." Id. § 3479.

Here, the private nuisance cause of action alleged, in the alternative, that the Debtor failed to prevent the damage. Where a defendant's failure to abate the nuisance gives rise to liability, "then negligence is said to be involved." City of Pasadena v. Super. Ct., 228 Cal. App. 4th 1228, 1236 (2014) (quoting Lussier v. San Lorenzo Valley Water Dist., 206 Cal. App. 3d 92, 105 (1988)). Once again, negligence is insufficient to establish the § 523(a)(6) state of mind.

///

12

**Willful Misconduct**.[8] In the civil context, "[w]illful misconduct is an aggravated form of negligence." Carlsen v. Koivumaki, 227 Cal. App. 4th 879, 895 (2014). The elements necessary "to raise a negligent act to the level of wil[l]ful misconduct [are]: (1) actual or constructive knowledge of the peril to be apprehended, (2) actual or constructive knowledge that injury is a probable, as opposed to a possible, result of the danger, and (3) conscious failure to act to avoid the peril." Id. Importantly, however, willful misconduct does not require a subjective intent to injure - "[i]t is sufficient that a reasonable person under the same or similar circumstances would be aware of the highly dangerous character of his or her conduct." Calvillo-Silva v. Home Grocery, 19 Cal. 4th 714, 730 (1998), disapproved on other grounds, Aguilar v. Atl. Richfield Co., 25 Cal. 4th 826 (2001). In other words, willful misconduct may be based on reckless conduct. Once again, a recklessly inflicted injury does not satisfy the § 523(a)(6) willful injury requirement.

We finally note that it is inconsequential that the state court complaint – in the form's boilerplate text – stated that the Debtor "intentionally caused the damage to plaintiff" in connection with the intentional tort causes of action. The torts as asserted did not require an intent to injure.

///

---

[8]  The California Supreme Court has declined to determine whether willful misconduct constitutes an independent cause of action. Nalwa v. Cedar Fair, L.P., 55 Cal. 4th 1148, 1164 n.8 (2012).

13

**C. The majority of the RFAs did not call for improper legal conclusions; any error, however, was harmless because the RFAs failed to establish all elements required for § 523(a)(6) nondischargeability.**

Appellant finally argues that the bankruptcy court erred in determining that the RFAs constituted improper legal conclusions under Civil Rule 36. While largely true, we conclude that any resultant error was harmless.

Civil Rule 36(a)(1) (made applicable in adversary proceedings by Rule 7036) authorizes a party to request admission of any matter within the scope of Civil Rule 26(b)(1), relating to "facts, the application of law to fact, or opinions about either." Requests for pure admissions of law, however, are inappropriate. 7 James Wm. Moore et al., Moore's Federal Practice - Civil § 36.03 (3d ed.); 8B Charles Alan Wright et al., Federal Practice and Procedure § 2255 & n.7 (3d ed.). Litigants are discouraged from using Civil Rule 36 with "the hope that a party's adversary will simply concede essential elements." Conlon v. United States, 474 F.3d 616, 622 (9th Cir. 2007). "Rather, the rule seeks to serve two important goals: truth-seeking in litigation and efficiency in dispensing justice." Id.

Where a party fails to timely respond in writing to requests for admissions, the matters are deemed admitted and conclusively established in the case; such admissions are self-executing and require no further action by the proponent or the court. Fed. R. Civ. P. 36(a)(3), (b). Admittedly, "[Civil] Rule 36 is harsh in its consequences to the dilatory litigant.

14

Failure to respond within the thirty-day time frame automatically results in a material fact being deemed admitted. . . ." Warren v. Cybulski, --- B.R. ----, 2016 WL 1176398, at *5 (N.D. Cal. Mar. 28, 2016).

The record establishes that the Debtor neither responded to the RFAs nor moved to amend or withdraw them pursuant to Civil Rule 36(b). Thus, the RFAs were deemed admitted to the extent that the requests fell within the scope of Civil Rule 36(a)(1). The bankruptcy court, however, broadly determined that the RFAs did not provide sufficient support for Appellant's nondischargeability claim; it stated that they all called for conclusions of law. This was error. The record reflects that many RFAs related to factual matters.[9] Those RFAs, however, did not independently or collectively establish that § 523(a)(6) nondischargeability was appropriate; thus, the error as to those RFAs was harmless. The remainder of the RFAs were either irrelevant to the § 523(a)(6) claim,[10] failed to establish an injury for the purposes of § 523(a)(6),[11] were fatally ambiguous[12] or, as more generally noted by the bankruptcy court,

[9] RFA Nos. 1-4, 8-9, and 11 (in part) relate to background facts.

[10] RFA No. 7 predominately pertains to the § 523(a)(4) claim that Appellant has abandoned on appeal. The factual portion of the RFA is duplicative of the factual portion of RFA No. 6, which we discuss hereafter.

[11] RFA Nos. 10 and 11 (in part) relate to the argument that we rejected in section A, supra, of this decision.

[12] See discussion regarding RFA Nos. 5 and 6 below.

15

improperly called for conclusions of law.[13]

### 1. The RFAs utilized over-broad definitions that eliminated their utility in material respects.

The draconian consequence of failure to respond to a request for admission is limited by the requirement that the request be clear. Ambiguity must be construed against the drafter. Here, as with the state court complaint, Appellant utilized over-broad definitions that make the RFAs imprecise and limit their utility in establishing all elements of its § 523(a)(6) claim.

As is common practice, the RFAs were prefaced with global terms and definitions. This included that "'Defendant', shall be deemed to mean Lorna J. Riley, **as well as** her agents, attorneys, representatives or any other person acting on her behalf and direction." Emphasis added. RFA Nos. 5 and 6 also reference the Debtor's family. Appellant's inclusion of these other entities in the global definition of defendant creates ambiguity as to what the Debtor did; as a result, RFA Nos. 5 and 6 fail to establish that the Debtor herself vandalized the Property willfully and maliciously. Thus, RFA Nos. 5 and 6 fail to conclusively establish that the Debtor personally committed all or any of the damaging acts.

Section 523(a)(6) clearly requires a "willful and malicious injury **by** the debtor. . . ." RFA Nos. 5 and 6, however, meet this standard only if one imputes to the Debtor the knowledge and intent of unknown agents, representatives, or other person

---

[13] See discussion regarding RFA Nos. 6 and 12 below.

16

acting on her behalf or at her unspecified direction. Such an application involves inappropriate speculation and calls for an extremely attenuated conclusion of law with respect to agency.

We, like the bankruptcy court, are unable to determine that the Debtor acted with willfulness and malice based on the admissions made by the RFAs when they leave open the possibility that the damage to the Property was done by others. And we, like the bankruptcy court, reach this conclusion notwithstanding that the Debtor may have had an unspecified agency relationship with these third parties and may have directed them in an unspecified manner.[14]

///

///

---

[14] The Ninth Circuit has imputed the knowledge and intent of a business partner to a debtor for the purposes of § 523(a)(6). See Impulsora Del Territorio Sur, S.A. v. Cecchini (In re Cecchini), 780 F.2d 1440 (9th Cir. 1986). This case, however, provides no assistance to Appellant for several reasons. First, the Cecchini decision predates Geiger and did not require an intent to injure. See id. at 1442-43. As the Panel stated in Sachan v. Huh (In re Huh), 506 B.R. 257, 268 (9th Cir. BAP 2014) (en banc), "the lack of a specific intent to injure holding in Cecchini was effectively overruled by the Supreme Court in its Geiger decision. Consequently, the continued efficacy of Cecchini as precedent on related questions is compromised." See also Peklar v. Ikerd (In re Peklar), 260 F.3d 1035, 1038 (9th Cir. 2001) (recognizing the limitation of Cecchini following Geiger). Second, to the extent Cecchini has continued viability, it can be factually distinguished. There is no evidence of a business partnership here; we cannot utilize the principles of partnership law to impute liability as the Cecchini court did. See id. at 1444. This conservative treatment of § 523 is consistent with more recent Supreme Court decisions in this area. See Bullock v. BankChampaign, N.A., 133 S. Ct. 1754 (2013). But cf. Husky Int'l Elecs., Inc. v. Ritz, 136 S.Ct. 1581 (2016).

17

## 2. RFA Nos. 6 and 12 improperly requested conclusions of law.

"The distinction between the application of law to fact and a legal conclusion is 'not always easy to draw.'" <u>Watterson v. Garfield Beach CVS LLC</u>, 2015 WL 2156857, at *4 (N.D. Cal. May 7, 2015) (quoting <u>Apple, Inc. v. Samsung Elec. Co., Ltd.</u>, 2012 WL 952254, at *3 (N.D. Cal. Mar. 20, 2012)). An application of law to fact relates to "matters involving 'mixed law and fact'" and is intended to narrow the range of issues for trial. Fed. R. Civ. P. 36 advisory committee's note to 1970 amendment, subdivision (a); <u>see also</u> <u>Asea, Inc. v. S. Pac. Transp. Co.</u>, 669 F.2d 1242, 1245 (9th Cir. 1981).

A mixed question of law and fact, in turn, pertains to "questions in which the historical facts are admitted or established, the rule of law is undisputed, and the issue is whether the facts satisfy the statutory standard, or to put it another way, whether the rule of law as applied to the established facts is or is not violated." <u>Pullman-Standard v. Swint</u>, 456 U.S. 273, 289 n.19 (1982).[15] Courts generally agree that a request for admission is an application of law to fact "as long as the legal conclusions relate to the facts of the case." <u>Ransom v. United States</u>, 8 Cl. Ct. 646, 648 (1985); <u>see also</u> Fed. R. Civ. P. 36 advisory committee's note to 1970

---

[15] In the context of issue preclusion, the application of law to fact has also been described as an "ultimate fact." <u>See</u> Restatement (Second) of Judgments § 27 (1982) cmts. c, j; <u>see also</u> <u>United States v. Hernandez</u>, 572 F.2d 218, 221 n.3 (9th Cir. 1978) (recognizing the Restatement's definition of an ultimate fact).

18

amendment, subdivision (a) (Civil Rule 36 "does not authorize requests for admissions of law unrelated to the facts of the case.").[16]

RFA No. 6 called for the Debtor to admit or deny that: "[t]he damage to the premises was done by the [Debtor] and her family willfully and maliciously as those terms are used in . . . [§] 523(a)(6)." Contrary to Appellant's assertion, this was not an application of law to fact.

This RFA was an improper request for a legal conclusion: that the injury - damage to the Property - was willful and malicious. The phrase mirrors the terms of the statutory language, terms that have particularized meanings in bankruptcy. Rather than frame questions in relation to the particular facts

---

[16] Other courts have deemed the following requests for admission a legal conclusion:
- Defendant's apartments did not have and were not built with an accessible route in compliance with the Federal Fair Housing Act Regulations, 24 CFR 100.205, Stein v. Creekside Seniors, L.P., 2016 WL 912176, at *2 & n.4 (D. Idaho Mar. 4, 2016).
- Defendant's products were defective under Oregon state law, Benson Tower Condo. Owners Ass'n v. Victaulic Co., 105 F. Supp. 3d 1184, 1196 (D. Or. 2015).
- An attack on plaintiff's computer network and communication infrastructure referred to in the complaint constituted an illegal act, Music Grp. Macao Commercial Offshore Ltd. v. Foote, 2015 WL 579688, at *2 (N.D. Cal. Feb. 11, 2015).
- Perjury is a felony, peace officers should not commit perjury, committing perjury as a peace officer can lead to criminal charges, and defendant owed a duty to disclose to plaintiff all exculpatory evidence in any criminal case. Hupp v. San Diego Cty., 2014 WL 1404510, at *15 (S.D. Cal. Apr. 10, 2014).
- The defendant was a public figure as defined by case authority. Playboy Enters., Inc. v. Welles, 60 F. Supp. 2d 1050, 1057 (S.D. Cal. 1999).

19

of the case, Appellant simply skipped to the conclusion necessary to except the debt from discharge: that the damage was willful and malicious. Admission of this RFA would leave the bankruptcy court with nothing to do but rubber stamp a judgment in Appellant's favor.[17] This result would also run afoul of the caution advised by the Ninth Circuit, to refrain from using Civil Rule 36 as a mechanism to obtain concessions from the adverse party on essential elements. See Conlon, 474 F.3d at 622.[18]

Similarly, RFA No. 12 improperly requested an admission of ultimate liability. And, contrary to Appellant's argument, RFA No. 12 clearly requests a legal conclusion as it requests admission that: "[Debtor's] liability to [Appellant] in the judgment in the suit is non-dischargeable." Nondischargeability

---

[17] Our conclusion is bolstered by other bankruptcy cases involving requests for admissions in a nondischargeability proceeding. See, e.g., Warren v. Cybulski, --- B.R. ---, 2016 WL 1176398, at *5-6; Loucas v. Cunningham (In re Cunningham), 526 B.R. 578, 588 (Bankr. E.D. Pa. 2015); Heritage Pac. Fin., LLC v. Trejo (In re Trejo), 2011 WL 5557423, at *3 (Bankr. N.D. Cal. Nov. 3, 2011), aff'd, 2012 WL 6622617 (9th Cir. BAP Dec. 20, 2012).

[18] See also Veasley ex rel. Veasley v. United States, 2015 WL 1013699, at *4 (S.D. Cal. Mar. 9, 2015) (plaintiffs' requests for admission sought improper legal conclusions where they "essentially ask[ed] that Defendant accede to at least one element of the cause of action for which Plaintiffs, not Defendant, bear the burden of persuasion and of proof in this proceeding, specifically either the causation or injury prongs of any and all negligence causes of action."); Rios v. Tilton, 2010 WL 3784703, at *7 (E.D. Cal. Sept. 24, 2010) (in a civil rights action, plaintiff's requests for admission "improperly and repeatedly sought defendant's acquiescence to the entirety of plaintiff's complaint.").

20

is a question of law.

**CONCLUSION**

Based on the foregoing, we AFFIRM the bankruptcy court.