FILED

MAR 19 2019

SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT



NOT FOR PUBLICATION

## UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re: | BAP No. CC-18-1203-LSF |
| MICHAEL DEKHTYAR, | Bk. No. 2:17-bk-15939-ER |
| Debtor. | Adv. No. 2:17-ap-01407-ER |
| MICHAEL DEKHTYAR, | |
| Appellant, | |
| v. | **MEMORANDUM**<sup>*</sup> |
| MOYSEY CHERNYAVSKY, | |
| Appellee. | |

Submitted Without Argument on February 21, 2019

Filed – March 19, 2019

Appeal from the United States Bankruptcy Court
for the Central District of California

Honorable Ernest M. Robles, Bankruptcy Judge, Presiding

---

*This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential value, *see* 9th Cir. BAP Rule 8024-1.

Appearances:     Appellant Michael Dekhtyar, pro se on brief; Stella
                 Havkin of Havkin & Shrago on brief for Appellee.

_____

Before: LAFFERTY, SPRAKER, and FARIS, Bankruptcy Judges.


## INTRODUCTION

Debtor Michael Dekhtyar appeals the bankruptcy court's order
granting Moysey Chernyavsky's motion for summary judgment finding
Mr. Dekhtyar's debt to Mr. Chernyavsky nondischargeable under
§ 523(a)(6)[1] based on the issue preclusive effect of a state court judgment
for malicious prosecution.

We AFFIRM.

## FACTUAL BACKGROUND[2]

In 2009, in connection with a business venture, Mr. Dekhtyar signed a
promissory note payable to Mr. Chernyavsky. In June 2010, after
Mr. Dekhtyar defaulted on the note, Mr. Chernyavsky filed a breach of
contract lawsuit in Los Angeles County Superior Court ("State Court"). In

_____

[1]Unless specified otherwise, all chapter and section references are to the
Bankruptcy Code, 11 U.S.C. §§ 101-1532, all "Rule" references are to the Federal Rules
of Bankruptcy Procedure, and all "Civil Rule" references are to the Federal Rules of
Civil Procedure.

[2]We exercise our discretion to review the bankruptcy court's docket, as
appropriate. *See Woods & Erickson, LLP v. Leonard (In re AVI, Inc.)*, 389 B.R. 721, 725 n.2
(9th Cir. BAP 2008).

2

that lawsuit, Mr. Dekhtyar filed a cross-complaint against Mr. Chernyavsky alleging breach of contract, fraud, negligence, and other torts. The State Court dismissed the cross-complaint with prejudice due to Mr. Dekhtyar's failure timely to file an amended cross-complaint after a demurrer, and in February 2013 the State Court entered judgment for Mr. Chernyavsky in the amount of $443,018.49.

Thereafter, Mr. Chernyavsky filed a malicious prosecution action against Mr. Dekhtyar based on the cross-complaint filed in the prior litigation. In 2016, after a bench trial, the State Court entered a $25,500 judgment in favor of Mr. Chernyavsky and against Mr. Dekhtyar on the malicious prosecution claim ("Judgment"). In May 2018, the California Court of Appeal affirmed the Judgment.

In May 2017, while the appeal of the Judgment was pending, Mr. Dekhtyar filed a chapter 7 petition. Mr. Chernyavsky filed a timely complaint seeking a declaration that the Judgment was nondischargeable under § 523(a)(6). In May 2018, he filed a renewed motion for summary judgment.[3] The bankruptcy court granted the motion based on the issue preclusive effect of the Judgment.

Mr. Dekhtyar timely appealed.

---

[3]Mr. Chernyavsky had filed a previous motion for summary judgment, which the bankruptcy court denied without prejudice due to the pending appeal of the matter on which Mr. Chernyavsky based his request for preclusive effect. After the court of appeal decision became final, Mr. Chernyavsky renewed his motion for summary judgment.

# JURISDICTION

The bankruptcy court had jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(I). We have jurisdiction under 28 U.S.C. § 158.

# ISSUE

Did the bankruptcy court err in applying issue preclusion to the State Court findings in granting summary judgment to Mr. Chernyavsky on his § 523(a)(6) claim?

# STANDARD OF REVIEW

We review de novo the bankruptcy court's decision to grant summary judgment. *Plyam v. Precision Dev., LLC (In re Plyam)*, 530 B.R. 456, 461 (9th Cir. BAP 2015). We also review de novo the bankruptcy court's determination that issue preclusion was available. *Id.* "De novo review requires that we consider a matter anew, as if no decision had been made previously." *Francis v. Wallace (In re Francis)*, 505 B.R. 914, 917 (9th Cir. BAP 2014) (citations omitted).

If issue preclusion was available, we review the bankruptcy court's application of issue preclusion for an abuse of discretion. *Id.* A bankruptcy court abuses its discretion if it applies the wrong legal standard, misapplies the correct legal standard, or if its factual findings are illogical, implausible, or without support in inferences that may be drawn from the facts in the record. *TrafficSchool.com, Inc. v. Edriver Inc.*, 653 F.3d 820, 832 (9th Cir. 2011) (citing *United States v. Hinkson*, 585 F.3d 1247, 1262 (9th Cir. 2009) (en

4

banc)).

## DISCUSSION

The bankruptcy court granted summary judgment to Mr. Chernyavsky based on the issue preclusive effect of the Judgment. The bankruptcy court concluded that the State Court's findings, as summarized by the court of appeal, established as a matter of law that Mr. Dekhtyar filed his cross-complaint both willfully and maliciously as required under § 523(a)(6). The record supports the bankruptcy court's ruling. As discussed below, although the findings necessary to support a malicious prosecution judgment would not **always** establish the requisite intent under § 523(a)(6), in this case the findings the State Court actually made leave no room for doubt that Mr. Dekhtyar had a subjective motive to inflict injury or, at a minimum, believed that injury was substantially certain to result from his conduct in filing the cross-complaint.

### A.  Summary Judgment Standard

Summary judgment may be granted "if the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Civil Rule 56(a), incorporated via Rule 7056; *Barboza v. New Form, Inc. (In re Barboza)*, 545 F.3d 702, 707 (9th Cir. 2008). The trial court may not weigh evidence in resolving such motions, but rather determines only whether a material factual dispute remains for trial. *Covey v. Hollydale Mobilehome Estates*, 116 F.3d 830, 834 (9th Cir. 1997),

*opinion amended on denial of rehr'g*, 125 F.3d 1281 (Mem.). A dispute is genuine if there is sufficient evidence for a reasonable fact finder to hold in favor of the non-moving party, and a fact is "material" if it might affect the outcome of the case. *Far Out Prods., Inc. v. Oskar*, 247 F.3d 986, 992 (9th Cir. 2001) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986)). The initial burden of showing there is no genuine issue of material fact rests on the moving party. *Margolis v. Ryan*, 140 F.3d 850, 852 (9th Cir. 1998).

## B.     Issue Preclusion

In applying issue preclusion to a state court judgment, the bankruptcy court must apply the forum state's law of issue preclusion. *Harmon v. Kobrin (In re Harmon)*, 250 F.3d 1240, 1245 (9th Cir. 2001); *In re Plyam*, 530 B.R at 462. In California, application of issue preclusion requires that: (1) the issue sought to be precluded from relitigation is identical to that decided in a former proceeding; (2) the issue was actually litigated in the former proceeding; (3) the issue was necessarily decided in the former proceeding; (4) the decision in the former proceeding is final and on the merits; and (5) the party against whom preclusion is sought was the same as, or in privity with, the party to the former proceeding. *In re Plyam*, 530 B.R. at 462 (citing *Lucido v. Super. Ct.*, 51 Cal. 3d 335, 341 (1990)).  In addition, California courts apply issue preclusion only if application of the doctrine furthers the public policies underlying the doctrine. *In re Harmon*, 250 F.3d at 1245.  Those policies include "preservation of the integrity of

6

the judicial system, promotion of judicial economy, and protection of litigants from harassment by vexatious litigation . . . ." *Lucido*, 51 Cal. 3d at 770-71.

## C. Nondischargeability under § 523(a)(6)

Section 523(a)(6) excepts from discharge debts "for willful and malicious injury by the debtor to another entity or to the property of another entity." Both willfulness and maliciousness must be proven to block discharge of a debt under § 523(a)(6). *Ormsby v. First Am. Title Co. of Nev. (In re Ormsby)*, 591 F.3d 1199, 1206 (9th Cir. 2010).

### 1. Willful Injury

For § 523(a)(6) to apply, the actor must intend the consequences of the act, not simply the act itself. *Kawaauhau v. Geiger (In re Geiger)*, 523 U.S. 57, 61-62 (1998). Thus, § 523(a)(6)'s willful injury requirement is met "only when the debtor has a subjective motive to inflict injury or when the debtor believes that injury is substantially certain to result from his own conduct." *Carrillo v. Su (In re Su)*, 290 F.3d 1140, 1142 (9th Cir. 2002). The debtor is charged with the knowledge of the natural consequences of his actions. *In re Ormsby*, 591 F.3d at 1206. "In addition to what a debtor may admit to knowing, the bankruptcy court may consider circumstantial evidence that tends to establish what the debtor must have actually known when taking the injury-producing action." *Jett v. Sicroff (In re Sicroff)*, 401 F.3d 1101, 1106 (9th Cir. 2005), *amended*, No. 03-15610, 2005 WL 843584 (9th Cir. Apr. 11,

7

2005) (quoting *In re Su*, 290 F.3d at 1146 n.6).

## 2. Maliciousness

"A malicious injury involves (1) a wrongful act, (2) done intentionally, (3) which necessarily causes injury, and (4) is done without just cause or excuse." *Petralia v. Jercich (In re Jercich)*, 238 F.3d 1202, 1209 (9th Cir. 2001) (citations and internal quotations omitted). Malice may be inferred based on the nature of the wrongful act. *In re Ormsby*, 591 F.3d at 1207.

## D. Malicious Prosecution

"To establish a cause of action for malicious prosecution, a plaintiff must demonstrate that the prior action (1) was initiated by or at the direction of the defendant and legally terminated in the plaintiff's favor, (2) was brought without probable cause, and (3) was initiated with malice." *Siebel v. Mittlesteadt*, 41 Cal. 4th 735, 740 (2007) (citation omitted). In the context of malicious prosecution, "malice" refers to an improper motive for bringing the prior action; malice is present when a suit is actuated by hostility, ill will, or for some other purpose than to secure relief, or where a plaintiff asserts a claim with knowledge of its falsity. *Nunez v. Pennisi*, 241 Cal. App. 4th 861, 877 (2015). The "initiated with malice" element of malicious prosecution is not limited to actual hostility or ill will toward the plaintiff but exists when the proceedings are instituted primarily for an improper purpose. *Arden v. Silas (In re Arden)*, No. CC-14-1186-DTaKu,

8

2015 WL 4068962, at *9 (9th Cir. BAP July 2, 2015) (citing *Albertson v. Raboff*, 46 Cal. 2d 375, 383 (1956)). An "improper purpose" may include situations where: (1) the person instituting the lawsuit does not believe that the claim is valid; (2) the proceedings are begun primarily because of hostility or ill will; (3) the proceedings are initiated solely to deprive the person against whom they are instituted of a beneficial use of his property; or (4) the proceedings are initiated for the purpose of forcing a settlement which has no relation to the merits of the claim. *Albertson*, 46 Cal. 2d at 411. As such, a finding of malice in a malicious prosecution action does not always establish a willful intent to injure under § 523(a)(6). *See In re Arden*, 2015 WL 4068962, at *10 ("[I]n a malicious prosecution action, the proof **may or may not** establish a willful intent to injure on the part of the defendant." (emphasis in original)).

E.    **The State Court's Findings and the Court of Appeal's Affirmance**

The State Court's findings are not in the record, but the court of appeal summarized those findings in its decision. The State Court found that all of the elements of malicious prosecution had been established. First, the State Court found that the cross-complaint had been legally terminated in Mr. Chernyavsky's favor because it had been dismissed. As for the second element–"without probable cause"–the State Court found that this element was met based on inconsistencies in Mr. Dekhtyar's pleadings, Mr. Dekhtyar's lack of credibility at trial, and because Mr. Dekhtyar had

9

presented no evidence in opposition to Mr. Chernyavsky's motion for summary judgment filed in the malicious prosecution action. Finally, the State Court found that Mr. Dekhtyar had filed the cross-complaint with an improper purpose–specifically, to obtain an offset against losses he had incurred due to failed investments with a third party or to delay and impede Mr. Chernyavsky's right to recover on the promissory note by raising claims that had no basis in fact.

The court of appeal affirmed these findings. It held that the evidence supported the State Court's conclusion that Mr. Dekhtyar lacked probable cause because he had no basis to believe the factual allegations pleaded in support of his cross-complaint were true. In affirming the malice finding, the court of appeal clarified that the evidence presented at trial supported the inference that not only had Mr. Dekhtyar filed the lawsuit for the reasons cited by the State Court, but also out of hostility and a desire to retaliate against Mr. Chernyavsky. In so doing, it held that: (1) the evidence supported the trial court's finding that Mr. Dekhtyar knew the factual allegations underlying his cross-complaint were false; and (2) although Mr. Dekhtyar testified at trial that he filed the cross-complaint because he believed Mr. Chernyavsky had wrongfully accused him of committing fraud and embezzlement, the claims in the cross-complaint had no relation to embezzlement. In addition, the court of appeal stated:

> The record also contains a significant amount of evidence

that Dekhtyar felt animosity toward Chernyavsky based on their prior business dealings, which provided a motive to engage in malicious, retaliatory conduct. First, as noted, Chernyavsky had previously voted to remove Dekhtyar from his position as president of the Huntington Restaurant Group after concluding that he had improperly withdrawn funds from the company. Dekhtyar denied those claims at trial, and contended he should not have been removed from his position at Huntington. Second, Dekhtyar's declaration and trial testimony make clear that he held Chernyavsky responsible for the losses he incurred in the failed barbeque restaurant venture. His declaration asserts that Chernyavsky had encouraged him to invest in Herman Cothran's smoker technology, and then declined to assist him when the Hermans restaurant began failing. Third, the evidence showed Chernyavsky had seized control of Dekhtyar's ownership interest in Verax after he defaulted on the SBA loan and the promissory note. In his declaration, Dekhtyar contended that Chernyavsky had "forced [him] out" of Verax, which was his "last hope to maintain a source of income." Finally, in June of 2010, Chernyavsky filed his breach of contract claims against Dekhtyar seeking repayment of the promissory note. Chernyavsky testified that shortly after he filed his complaint, Dekhtyar had physically threatened him, telling him that he would "put him in a wheelchair." The court could reasonably infer from this evidence that Dekhtyar was extremely hostile toward Chernyavsky as a result of their past business dealings, and that he had filed the cross-claims as a retaliatory measure.

F.  **The bankruptcy court did not err in applying issue preclusion to the findings supporting the Judgment.**

There is no dispute that the Judgment is final and that the parties to

11

the malicious prosecution action and the nondischargeability action are the same. In the bankruptcy court, Mr. Dekhtyar argued that the issues were not identical, i.e., that nothing in the court of appeal's affirmance established that he intended to injure Mr. Chernyavsky or believed that injury to Mr. Chernyavsky was likely to occur. We disagree.

The State Court apparently did not explicitly find an intent to injure, but the evidence cited by the court of appeal establishes that such a finding was implicit in its decision. The court of appeal held that the record established that: (1) Mr. Dekhtyar was extremely hostile toward Mr. Chernyavsky based on a perception that Mr. Chernyavsky had caused him harm; (2) the allegations of the cross-complaint were untrue, and Mr. Dekhtyar knew this; and (3) his purpose in filing the cross-complaint was malicious and retaliatory. Given this evidence, and the fact that Mr. Dekhtyar is "charged with the knowledge of the natural consequences of his actions," *In re Ormsby*, 591 F.3d at 1206, only one conclusion is possible: that Mr. Dekhtyar filed the cross-complaint with the intent to injure Mr. Chernyavsky by forcing him to incur time and expense defending a meritless lawsuit.

The bankruptcy court also correctly found that the malice element of § 523(a)(6) was satisfied. The prosecution of a lawsuit initiated by a complaint containing knowingly false allegations is a tortious (and thus wrongful) act that would necessarily cause injury, and the record reflects

12

no just cause or excuse for this act. To the contrary, the record establishes that Mr. Dekhtyar filed the lawsuit to retaliate. Based on all of the foregoing, the bankruptcy court did not err in finding that the elements of issue preclusion were satisfied.

On appeal, Mr. Dekhtyar argues that the issues in the nondischargeability action were not identical to those decided in the malicious prosecution action because the state court did not need to find willful injury in the malicious prosecution context. He also notes that the fact that a tort is intentional does not necessarily mean that any injury caused by the tortfeasor is willful, citing *Ditto v. McCurdy*, 510 F.3d 1070, 1078 (9th Cir. 2007). While these points are correct as a general matter, the record in this case established the requisite intent to injure under § 523(a)(6), and the bankruptcy court did not err in so finding.

Moreover, the bankruptcy court did not abuse its discretion in applying the doctrine, as its application in this case furthered the public policies of "preservation of the integrity of the judicial system, promotion of judicial economy, and protection of litigants from harassment by vexatious litigation." We agree with the bankruptcy court that

> [a]pplying preclusion law preserves the integrity of the judicial system by giving full effect to a judgment that was obtained after both parties were afforded full opportunity to litigate the matter. Preclusion promotes judicial economy by obviating the need for a duplicative and unnecessary trial. The avoidance of an unnecessary trial promotes the public policy against

13

vexatious litigation.

Mr. Dekhtyar also argues that the State Court presiding over the breach of contract suit erroneously dismissed his cross-complaint for failure timely to amend it. He alleges that the deadline to file the amended cross-complaint fell on a holiday, and under California court rules, the deadline was extended to the next day, the day he filed the amendment. As a result, he argues, the requirement for a malicious prosecution claim–that the lawsuit be legally terminated in the plaintiff's favor–was not met. He also argues that the "lack of probable cause" element was not litigated in the malicious prosecution action but was assumed from dismissal of the cross-complaint. Based on the foregoing, he argues that applying issue preclusion to the Judgment would not be consistent with sound public policy.

Mr. Dekhtyar did not make these arguments to the bankruptcy court; thus, we need not consider them. *See O'Rourke v. Seaboard Surety Co. (In re E.R. Fegert, Inc.)*, 887 F.2d 955, 957 (9th Cir. 1989). In any event, the record does not contain any evidence supporting Mr. Dekhtyar's assertions, and nothing in the court of appeal's decision suggested that he raised them in his appeal of the Judgment.

## CONCLUSION

The bankruptcy court did not err in finding that the elements of issue preclusion were met, nor did it abuse its discretion in applying issue

14

preclusion to the Judgment. For these reasons, we AFFIRM.